[Civ. No. 2047.   Third Appellate District.—October 18, 1919.]

F. C. DREW, Petitioner, v. THE SUPERIOR COURT OF MENDOCINO COUNTY et al., Respondents.

[1] PROHIBITION—PURPOSE OF WRIT—JURISDICTION.—The writ of prohibition goes only to the jurisdiction of the court.

[2] ID.—CONTEMPT PROCEEDINGS—JURISDICTION OF SUPERIOR COURTS.— The superior court has general jurisdiction to initiate and decide contempt proceedings.

[3] ID.—REFUSAL TO COMPLY WITH ORDER OF EXAMINATION—REFUSAL OF WRIT.—A writ of prohibition will not issue out of the appellate court to prevent the superior court from hearing and deciding a contempt proceeding arising out of the failure of the petitioner to obey an order directing him to appear and submit to an examination before a referee in a proceeding supplementary to execution on the theory that the superior court was without jurisdiction, when the matters which the petitioner sets up in excuse for his nonappearance were not presented to the superior court for consideration and decision.

[4] ID.—FAILURE TO SEEK RELIEF IN LOWER COURT.—Where there has been no effort made to obtain relief in the court which it is sought to prohibit, the higher courts will refuse to exercise their jurisdiction by the extraordinary remedy of prohibition.

[5] ID.—EXCESS OF JURISDICTION—FAILURE TO CALL TO ATTENTION OF LOWER COURT.—Prohibition will not go from the appellate court unless the attention of the court whose proceedings are sought to be stayed has been called to the alleged excess of jurisdiction.

[6] ID.—ERRORS DURING PROGRESS OF CAUSE—PROHIBITION NOT REMEDY.—The court in which relief is sought by prohibition will not consider any error or irregularities occurring in the progress of the cause in the inferior court. The writ of prohibition is not an appropriate remedy for the correction of errors.

---

4. Objection to jurisdiction of inferior court as prerequisite to issuance of prohibition, note, 21 Ann. Cas. 167.

6. Prohibition as process for review and correction of errors, notes, 1 Ann. Cas. 713; Ann. Cas. 1913D, 593.

PROCEEDING in Prohibition to prevent the Superior Court of Mendocino County and J. Q. White, Judge thereof, from hearing a contempt proceeding. Writ discharged.

The facts are stated in the opinion of the court.

Metson, Drew & Mackenzie for Petitioner.

Robert Duncan for Respondents.

ELLISON, P. J., *pro tem.*—Petition for a writ of prohibition, asking that the superior court of Mendocino County be prevented from hearing or deciding a proceeding instituted in said court against said petitioner for an alleged contempt of court.

The record herein shows that on the twenty-eighth day of October, 1918, in an action pending in said superior court, wherein Phil Lobree was plaintiff and L. E. White Company, a corporation, and Goodyear Redwood Company, a corporation, were defendants, the plaintiff recovered a judgment against the defendants for the sum of $7,150, interest and costs.

On the fourth day of August, 1919, Robert Duncan, attorney for the plaintiff in said action, made and filed and presented to the judge of said court his affidavit, wherein he stated, in substance, the fact of the rendition of said judgment, the issuance of execution thereon and its return wholly unsatisfied; that F. C. Drew was then, and at all times since the beginning of said action had been, the president and general manager of said L. E. White Company; that said company owned property and had it in its possession or under its control, which it unjustly refused to apply to the satisfaction of said judgment, and that said Drew, as president and general manager, had property of said corporation in his possession or under his control, which he unjustly refuses to apply to the satisfaction of said judgment; that the corporation had books of account in the possession or under the control of said F. C. Drew showing properties belonging to said corporation, and particularly of the receipt of money from the sale of its properties to the Goodyear Redwood Company and the amounts and disbursements thereof, and prayed that a referee be

appointed in San Francisco, and that an order be made directing said L. E. White Lumber Company, by its president and its general manager and other officers, to appear before said referee at a time and place to be named, and answer concerning the property of said corporation and produce its books showing the property and moneys belonging to it.

Upon the presentation of this affidavit said court made an order appointing Casper A. Ornbaum referee, and directed and ordered said L. E. White Lumber Company, by its president and general manager, F. C. Drew and F. C. Drew, to appear before said Ornbaum at a place designated, on the fourteenth day of August, 1919, at 2 o'clock P. M., and submit to examination and make discovery under oath concerning the property of said corporation, and to bring its books, etc.

The affidavit of Mr. Duncan above referred to was entitled, *"Phil* Lobree *v.* L. E. White Lumber Co. et als." The order of the court above referred to was entitled, *"Paul* Lobree *v.* L. E. White Lumber Co. et al." To said affidavit and order was attached a certificate of the county clerk of Mendocino County stating: "I have compared the foregoing copy of an order and affidavit in case of *Phil Lobree* v. *L. E. White Lumber Co. et al.,* and the indorsements thereon with the original records of the same in my office and that same are correct transcripts thereof and of the whole of said original records."

The affidavit, order, and certificate, attached together, were duly served upon F. C. Drew, petitioner herein. On the sixteenth day of August, 1919, Robert Duncan made and filed affidavit in said court in which he set forth the facts stated in his affidavit of August 4th, and the fact of the making of the order by the court therein on that day, of the service of said affidavit, order, and clerk's certificate upon said defendant and said F. C. Drew, and that on the day named in said order neither said defendant corporation nor F. C. Drew appeared before said referee either in person or by attorney.

Upon the filing of this affidavit said court made an order, in due form, directing said L. E. White Lumber Company and said F. C. Drew to appear before said court on August 25, 1919, at 10 o'clock A. M., and show cause, if any they

have, why they and each of them should not be punished
for contempt of court in disobeying said order of August
4, 1919, commanding them to appear before said referee.
On the twenty-third day of August, 1919, said F. C.
Drew applied to this court for a writ prohibiting said
superior court from hearing or deciding said contempt
matter.

The petitioner claims that the superior court of Mendo-
cino County was without jurisdiction to cite him to appear
and show cause why he should not be punished for con-
tempt in disobeying the order directing him to appear
and submit to an examination and is without jurisdiction
to hear and decide said alleged contempt matter, because
(1) The order made by the court for him to so appear and
testify was entitled *Paul* Lobree instead of *Phil* Lobree, and
there had been no judgment rendered in favor of *Paul*
Lobree against the defendant; (2) because, as claimed, the
judgment in the case of Paul Lobree against the L. E.
White Lumber Company was void. It is claimed it was
void because before the suit was begun the charter of the
defendant corporation had been forfeited for nonpayment
of its franchise tax.

[1] The writ of prohibition goes only to the jurisdiction
of the court. [2] The court has general jurisdiction to
initiate and decide contempt matters. The affidavit filed
asking for the order to show cause was sufficient in form
and substance to justify the court in making the order. No
objection is made to the sufficiency of the order and it was
duly served upon the petitioner. The judgment-roll in the
original action is before us and an inspection of it shows
a judgment valid on the face of the record.

It does not appear that the error in the name of the plain-
tiff in the order for examination has ever been called to
the attention of the superior court of Mendocino County,
nor does it appear that the claimed forfeiture of the fran-
chise of the defendant corporation was ever referred to,
either by pleading or evidence, in the original action, nor
that it, at any time since, has been called to the attention
of said court.

The petitioner's position, in fact, is that he has two good
defenses to the order to show cause; one, the error in the
name of the plaintiff in an order filed heretofore in the

case, and the other that the original judgment is void for matters *dehors* the record.

[3] It is the opinion of the court that the existence of these claimed defenses do not oust the superior court of jurisdiction to hear the contempt proceedings. If they are valid defenses (as to which we deem it unnecessary to express any opinion, and do not) it is to be assumed that the superior court will so hold. Under the facts appearing in this record it is held that these matters should be presented to the superior court for consideration and decision.

[4] "Where there has been no effort made to obtain relief in the court which it is sought to prohibit the superior courts will refuse to exercise their jurisdiction by this extraordinary remedy." (High on Extraordinary Legal Remedies, sec. 733.)

[5] "It has been repeatedly held here, however, that prohibition (a writ in the nature of a prerogative writ) will not go from this court unless the attention of the court whose proceedings are sought to be stayed has been called to the alleged excess of jurisdiction." (*Southern Pac. R. R. Co.* v. *Superior Court,* 59 Cal. 475.)

[6] "Nor will the court in which relief is sought consider any error or irregularities occurring in the progress of the cause in the inferior court since the writ of prohibition is not an appropriate remedy for the correction of errors." (High on Extraordinary Legal Remedies, sec. 767b.)

The alternative writ of prohibition is discharged.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 15, 1919.

All the Justices concurred, except Melvin, J., who was absent.