[Civ. No. 7586.  First Appellate District, Division Two.—October 28, 1930.]

WALTER A. WEBER et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Milton D. Sapiro, John J. Taaffe, Henry E. Heidelberg and Harry Mackenzie for Petitioners.

Gavin McNab, Schmulowitz, Wyman, Aikens & Brune, Nat Schmulowitz and George B. Harris for Respondents.

NOURSE, P. J.—The petitioners here seek an original writ of prohibition to restrain the respondents from proceeding on an order to show cause why the petitioners should not be punished for contempt of an injunction *pendente lite* previously issued by the respondent.

The petitioners do not attack the preliminary papers upon which the order to show cause was issued, but base their case in an attack upon the validity of the injunction *pendente lite*, which injunction was issued on July 22, 1930.    The petition herein for prohibition was filed August 25, 1930, and aside from the fact that it is a collateral attack upon the

order of the respondent court made July 22, 1930, the petitioners have mistaken their remedy in thus proceeding in prohibition to prevent the hearing of the contempt proceedings. The rule applicable here is found in *Wessels* v. *Superior Court,* 200 Cal. 403 [253 Pac. 135], where the Supreme Court say: "The remedy of the petitioner is to first present his defense upon the hearing of the contempt proceedings and then, if found guilty of the contempt, to apply to a higher court for a writ of *certiorari* or *habeas corpus.* (*Commercial Bank* v. *Superior Court,* 192 Cal. 395, 397 [220 Pac. 433]; *Drew* v. *Superior Court,* 43 Cal. App. 651, 655 [185 Pac. 680].)"

The reason for the foregoing rule is emphasized by the proceedings in this case, which show that on September 20, 1930, the petitioners filed their notice of appeal to the Supreme Court from the order of injunction *pendente lite,* thereby transferring to the latter court full jurisdiction to determine the validity of the order which they here seek to attack.

For these reasons the petition is denied and the proceedings dismissed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 24, 1930.