[L. A. No. 16853. In Bank.—February 27, 1939.]

GEORGE O. MONJAR, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

T. Paul Moody and Thomas Hawkins for Petitioner.

J. H. O'Connor, County Counsel, and Douglas De Coster, Chief Deputy County Counsel, for Respondents.

WASTE, C. J.—Application for a writ of prohibition to restrain the respondent court from taking any further steps in connection with an order made in a divorce action instituted by Fay Monjar against the petitioner herein, George O. Monjar, in so far as said order affects the care, custody and control of their minor son.

The facts are not involved. On or about December 14, 1937, petitioner, who with his wife and their minor child had been living in Los Angeles, left for the state of Iowa, following some domestic trouble, with the intention, he alleges, of making his residence in that state. Later, he returned to Los Angeles, and again left for Iowa, taking the minor child with him. While in that state, he obtained letters of guardianship over the person and estate of the minor. Petitioner was an employee of the United States postal service, and made application for transfer from California to Iowa. He states he was informed by the postal service that it would take time to effect such transfer, and that in the meantime he should continue his work as a mail carrier in Los Angeles, whereupon he once more returned to California to carry out the suggestion of the postal department, leaving the child in Iowa.

Subsequently and on or about April 18, 1938, in Los Angeles, petitioner was served with a complaint for divorce, summons, order to show cause regarding alimony, attorney fees, court costs, and care, custody and maintenance of the minor child. Petitioner asserts that this was his first knowledge of the filing of the divorce action by his wife on Decem-

ber 31, 1937. After a hearing on the order to show cause, the respondent court, on May 11, 1938, made its order directing, among other things, that petitioner herein "return the child to California by June 1, 1938", and setting the matter of the custody for hearing on the latter date. On May 27th, the petitioner applied to the District Court of Appeal for a writ of prohibition staying further proceedings affecting the minor, which petition was denied without opinion.

Petitioner then filed a petition for hearing in this court. According to the allegations of his petition here, the respondent court, on June 1, 1938, following the denial by the District Court of Appeal of the petition for writ of prohibition, made its order finding petitioner in contempt of court, and threatened to send him to jail until he perform the order commanding him to return the child to California. Relying on that allegation, among others, this court granted the petition and issued an alternative writ. The allegation that petitioner was adjudged guilty of contempt of court is not borne out by the record, and petitioner himself states that "no element of contempt is now being contested", his points and authorities being directed solely to the question of the respondent's jurisdiction over the minor child. It would appear, from the somewhat incomplete record before us, and as contended by respondents, that "no hearing has ever been held to determine whether or not petitioner here has been guilty of contempt of court in failing to obey the order" requiring him to return his child to California.

Under these circumstances, we do not find it necessary at this time to pass upon the question of the court's jurisdiction. Petitioner has mistaken his remedy. The courts of this state have repeatedly held that prohibition will not be granted in an appellate court to prevent the superior court from proceeding in a contempt matter merely upon the ground that the court has erred in the proceeding out of which the alleged contempt grew. The remedy of the petitioner in such a case is to first present his defense upon the hearing of the contempt proceeding, and then, if found guilty of contempt, to apply to a higher court for a writ of *certiorari* or *habeas corpus*. (*Wessels* v. *Superior Court*, 200 Cal. 403 [253 Pac. 135]; *Commercial Bank* v. *Superior Court*, 192 Cal. 395, 397 [220 Pac. 422]; *Drew* v. *Superior Court*, 43 Cal. App. 651, 655 [185 Pac. 680].)

The peremptory writ of prohibition is denied, and the alternative writ is discharged.

Shenk, J., Edmonds, J., Curtis, J., Langdon, J., and Houser, J., concurred.