GRACE WILLIAMS, PLAINTIFF-RESPONDENT, v. BOARD OF EDUCATION OF TRENTON, IN THE COUNTY OF MERCER, AND FLORENCE M. SCHEUREN, DEFENDANTS-PROSECUTORS.

Submitted January 16, 1940—Decided April 1, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiff-respondent, *Roy R. Rigby (Philip M. Chamberlin,* of counsel).

For the defendant-prosecutor Board of Education of Trenton, *Henry M. Hartmann.*

BROGAN, CHIEF JUSTICE. This writ of *certiorari* brings up for review an order made by a Common Pleas judge of Mercer county directing the Board of Education of the city of Trenton to answer or otherwise plead to a complaint. The question involved is whether a party may be made a defendant in a personal action at law except by service of the *initial* process, *i. e.,* a summons. The order under review resulted from the following incidents:

Grace Williams began an action for personal injuries against the city of Trenton and Florence M. Scheuren, a teacher in the public schools of Trenton. The complaint, in so far as it charged the municipality with liability, was struck out. Application was made by the plaintiff for leave to amend the complaint and join the Board of Education as a party defendant, which leave was granted. The order provided that the Board of Education "answer or otherwise plead to such amended complaint within twenty days after service." Thereupon counsel for the Board of Education appeared specially and moved to set aside the order on the ground that at the time the order was made the court had no jurisdiction over the Board of Education because "no legal process * * * had ever been issued and served upon" the said board. The court refused to vacate its order bringing in the Board of Education as a defendant. This court allowed *certiorari* and the return to the writ reveals the various steps in the cause, which have been outlined. We entertain no doubt about the invalidity of the order. The Practice act (*R. S.* 2:27-59) provides: "The first process in personal actions in

cases where plaintiff is not entitled to bail shall be a summons, a copy whereof shall be served on the defendant in person, or left at his usual place of abode, which service shall be made forthwith after the process is delivered to the sheriff or other officer for service." Suits *in personam* must be begun by the service of process (*Pennoyer* v. *Neff*, 95 *U. S.* 714) and our law ordains that that process shall be a summons. Of course, the right to process may be waived since it is a personal privilege. *Crosby* v. *Washburn*, 66 *N. J. L.* 494. We have in mind that the Practice act (*R. S.* 2:27-2) should be liberally construed, but this liberality does not extend to the mode of obtaining jurisdiction over the parties. *Cf. Dock* v. *The Elizabethtown Steam Manufacturing Co.*, 34 *N. J. L.* 312.

The cases relied upon by the respondent here, principally equity cases, have no applicability. For example, in *Pierce* v. *Old Dominion, &c., Smelting Co.*, 67 *N. J. Eq.* 410, that proceeding was statutory, even summary under the Corporation act; in *Gondas* v. *Gondas*, 99 *Id.* 473, Chancellor Walker was passing upon the process of the Court of Chancery. Other cases on the law side, upon which the respondent relies, have to do with amendments of the initial legal process; but here the initial legal process, indispensably necessary in a suit at law, was not issued; hence the cases are not helpful to the respondent.

There will be a judgment for the prosecutor, with costs.