[L. A. No. 17472.   In Bank.—September 21, 1940.]

C. S. SMITH METROPOLITAN MARKET COMPANY (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Pierson & Block, Ralph K. Pierson and Samuel P. Block for Petitioners.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel, for Respondent.

Cupp, Hunt & Henderson, as *Amici Curiae*, on Behalf of Respondent.

EDMONDS, J.—The petitioners are seeking a writ of prohibition to prevent the Superior Court from enforcing compliance with a *subpoena duces tecum* and requiring one of them to answer certain questions.

The Food and Grocery Bureau of Southern California has brought an action to enjoin certain acts of the petitioner C. S. Smith Metropolitan Market Co., Ltd., a corporation, which, it charges, violate the Unfair Practices Act. (Stats. 1913, p. 508, as amended; Deering's Gen. Laws, Act 8781.) The complaint alleges that upon various occasions in 1939, the Market company offered for sale and sold certain merchandise below cost. For the purpose of obtaining a *subpoena duces tecum* in that suit, the Grocery Bureau presented to the superior court an affidavit of one of its attorneys stating that the petitioner Drucquer, whose testimony is sought as a witness, has in his possession the original work sheets and working papers made by him in an examination and analysis of the market company's books and records. Upon the showing made in this affidavit, a court commissioner ordered the issuance of a subpoena, which in due time, the petitioners moved to recall. This motion was denied.

Thereafter the petitioner Drucquer complied with the subpoena to the extent of appearing at the time and place fixed in it, but he refused to produce the documents called for and

to answer certain questions. These facts being reported to the court, it issued an order requiring the witness to appear and show cause why he should not do so. After a hearing, the court ordered him to answer the questions and to produce his work sheets. This proceeding followed.

The petitioners contend that prohibition is the proper remedy for them to invoke because the respondent court is acting in excess of its jurisdiction and they have no plain, speedy and adequate remedy at law. They also attack the sufficiency of the affidavit upon which the subpoena was issued and the authority of the court commissioner to make the order therefor. The respondent, by way of return to an alternative writ issued by the District Court of Appeal, filed a general demurrer challenging the sufficiency of the petition. It asserts that the petitioners have mistaken their remedy; that the question of jurisdiction was not raised in the proceedings before it and that a court commissioner may order the issuance of a subpoena although the clerk has authority to do so. (*Southern Pac. Co.* v. *Superior Court,* 15 Cal. (2d) 206 [100 Pac. (2d) 302].)

■ The function of the writ of prohibition is to provide a remedy when rigidity of the ordinary procedure fails to protect a litigant from the wrongful exercise of jurisdiction by a court. (Sec. 1103, Code of Civ. Proc.) But the mere showing that an inferior court is about to do an act beyond the scope of its powers is not enough to justify the issuance of the writ. In other words, the writ may not be used to restrain the commission of error or to regulate or control procedure. Many orders which are made during the progress of a case depend for their validity upon the jurisdiction of the court, but, ordinarily, prohibition may not be invoked to challenge such rulings. If that were allowed, the trial of an ordinary civil action would be constantly interrupted by attacks upon procedural orders which are properly reviewable upon appeal (*County of Sutter* v. *Superior Court,* 188 Cal. 292 [204 Pac. 849]; *Apartment & Hotel Financing Corp.* v. *Will,* 69 Cal. App. 276 [231 Pac. 349]; 21 Cal. Jur. 583).

■ These basic principles have been applied in cases where it is claimed that one must either comply with an order, which it is asserted the trial court had no jurisdiction to make, or be subjected to the penalties for contempt of court. In such cases, it has been repeatedly held that prohibition

will not be granted upon the ground that the trial court has erred in making the order upon which the charge of contempt is, or may be, based. The remedy of the one against whom such an order is directed is to present his defense upon the hearing of the contempt proceeding, and then, if found guilty, to apply for a writ of *certiorari* or *habeas corpus.* (*Wessels* v. *Superior Court,* 200 Cal. 403 [253 Pac. 135]; *Commercial Bank* v. *Superior Court,* 192 Cal. 395 [220 Pac. 422]; *Drew* v. *Superior Court,* 43 Cal. App. 651 [185 Pac. 680]; *Monjar* v. *Superior Court,* 12 Cal. (2d) 715 [87 Pac. (2d) 694].)

For these reasons the demurrer of the respondent court is sustained and the alternative writ issued by the District Court of Appeal discharged.

Houser, J., Shenk, J., Spence, J., *pro tem.,* McComb, J., *pro tem.,* and Gibson, C. J., concurred.