[Civ. No. 14538. First Dist., Div. Two. Aug. 21, 1950.]

ROWLAND R. KING, Petitioner, v. SUPERIOR COURT OF SAN MATEO COUNTY, Respondent; ALTA P. KING, Real Party in Interest.

Winston Churchill Black for Petitioner.

Howe & Finch for Respondent and for Real Party in Interest.

DOOLING, J.—Petitioner's wife instituted an action for divorce. Pursuant to an order for publication of summons of May 9, 1949 personal service was made on petitioner in the State of Nevada on June 27, 1949. Such personal service outside the state does not give greater jurisdiction than any other substituted service. (*First National Bank* v. *Eastman*, 144 Cal. 487, 490-491 [77 P. 1043, 103 Am.St.Rep. 95, 1 Ann. Cas. 626].) It does not give jurisdiction over the person.

(*Frey & Horgan Corp.* v. *Superior Court,* 5 Cal.2d 401, 404 [55 P.2d 203].) In divorce matters it brings the marital status before the court but not the person of the defendant so that the court lacks jurisdiction to award alimony or any allowance for the support of children. (*De La Montanya* v. *De La Montanya,* 112 Cal. 101 [44 P. 345, 53 Am.St.Rep. 165, 32 L.R.A. 82] ; *Comfort* v. *Comfort,* 17 Cal.2d 736, 751 [112 P.2d 259].) After default the court granted an interlocutory decree in which it disposed of community property and gave custody of the children to the mother but did not grant any alimony, support of children or attorneys' fees and costs. The decree contains the following final provision: ''(T)he Court reserves the further right to adjudge and assess further costs, attorneys' fees or other amounts in this or any further proceeding or proceedings which may be taken.'' On November 4, 1949, the court upon affidavit of the wife issued an order to show cause why petitioner should not be ordered to pay to the wife moneys for the support and maintenance of herself and the minor children of the parties and on account of attorneys' fees and costs. Petitioner was personally served with that order on November 5, 1949, within the State of California. At the time indicated in the order, November 28, 1949, petitioner, appearing specially, moved to vacate certain parts of the decree as to the disposition of community property and the above quoted reservation solely on the ground of lack of jurisdiction and also contested the jurisdiction of the court to make a further order. The court denied the motion to vacate and by order of February 3, 1950, ordered petitioner to pay $200 a month for the support of the wife, $200 a month for the children and $500 on account of fees and $100 on account of costs. The order recites the reservation of determination of the matter of support and fees and costs in the interlocutory decree. On March 20, 1950, the court issued an order to show cause *in re* contempt based on an affidavit of the wife stating that the above order had been personally served on petitioner in the State of California on February 16, 1950, but that he had not paid any amount in compliance. Petitioner now prays for a writ of prohibition.

Petitioner argues that jurisdiction of the person of defendant to enter a personal judgment for alimony and support could not be obtained by service of an order to show cause since the only method of obtaining personal jurisdiction for the entry of a judgment provided by our law is by service of summons. (Code Civ. Proc., §§ 406-416 ; *Hutton* v. *Dodge,* 58

Utah 228 [198 P. 165, 166] ; *Bernard* v. *Bernard,* 79 Cal.App. 2d 353 [179 P.2d 625] ; *Nevin* v. *Pacific Coast & Norway Packing Co.,* 105 Wash. 192 [177 P. 739] ; *Williams* v. *Board of Education of Trenton,* 124 N.J.L. 380 [12 A.2d 127] ; *Second Nat. Bank* v. *Prichard,* 172 Ky. 190 [189 S.W. 14].) Respondent counters with the claim that in his motion to strike portions of the decree petitioner made a general appearance and so submitted his person to the jurisdiction of the court. (*Raps* v. *Raps,* 20 Cal.2d 382, 385 [125 P.2d 826] ; *Judson* v. *Superior Court,* 21 Cal.2d 11, 13 [129 P.2d 361] ; *Security etc. Co.* v. *Boston etc. Co.,* 126 Cal. 418 [58 P. 941, 59 P. 296] ; *Olcese* v. *Justice's Court,* 156 Cal. 82, 87 [103 P. 317].)

 We need not decide these questions because the recent decisions of our Supreme Court make it clear that prohibition is not the proper remedy. Before the hearing the petitioner might by prohibition have attacked the jurisdiction of the court to proceed. (*Jardine* v. *Superior Court,* 213 Cal. 301 [2 P.2d 756, 79 A.L.R. 291] ; *Tolle* v. *Superior Court,* 10 Cal.2d 95 [73 P.2d 607].) Here however the action of the trial court has proceeded to the making of a judgment and it is the attempted enforcement of that judgment which is under attack. ''The courts of this state have repeatedly held that prohibition will not be granted in an appellate court to prevent the superior court from proceeding in a contempt matter merely upon the ground that the court has erred in the proceeding out of which the alleged contempt grew. The remedy of the petitioner in such a case is to first present his defense upon the hearing of the contempt proceeding, and then, if found guilty of contempt, to apply to a higher court for a writ of *certiorari* or *habeas corpus.*'' (*Monjar* v. *Superior Court,* 12 Cal.2d 715, 717 [87 P.2d 694] ; *C. S. Smith Met. M. Co.* v. *Superior Court,* 16 Cal.2d 226, 228-229 [105 P.2d 587] ; *State Bd. of Equalization* v. *Superior Court,* 20 Cal.2d 467, 471 [127 P.2d 4].)

 The attempt to stay by prohibition the enforcement of the provisions of the original decree with regard to certain items of property over which it is claimed that the court had no jurisdiction must likewise fail. There is a plain remedy by appeal from the order denying the motion to strike those portions of the decree on the ground that the court had no jurisdiction over the property (*Luckenbach* v. *Krempel,* 188 Cal. 175 [204 P. 591]) and the existence of a remedy by appeal

94

ordinarily precludes the resort to an extraordinary writ (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 370-371 [217 P.2d 951]). ■ Furthermore completed judicial action cannot be reviewed by prohibition. (*Big Jim Mines, Inc.* v. *Superior Court,* 9 Cal.2d 503 [71 P.2d 67].)

The alternative writ of prohibition is discharged and the petition denied.

Nourse, P. J., and Goodell, J., concurred.