Rheta A. **REDUS**, Appellant,

v.

Burleigh **REDUS**, Appellee.

No. 3–89–183–CV.

Court of Appeals of Texas, Austin.

May 23, 1990.

Rehearing Overruled Sept. 26, 1990.

W. Stephen Graves, San Antonio, for appellant.

Sara Saltmarsh, Austin, for appellee.

Before POWERS, GAMMAGE and JONES, JJ.

POWERS, Justice.

Rheta A. Redus appeals from a trial-court judgment denying relief in her suit against her former husband, Burleigh Redus, for partition of the retired pay earned by his 20 years of military service. 10 U.S.C.A. § 1408 (1983 & Pamp.1990). We will reverse the judgment and remand the cause to the trial court.

## THE CONTROVERSY

The material facts appear to be undisputed. Rheta and Burleigh married in 1951 while residing in Texas. About two months after the marriage, Burleigh enlisted in the United States Air Force. In the ensuing 14 years of military service, the couple lived an aggregate of 10 years in Texas, one year in California, and three years in the Federal Republic of Germany. They lived in Texas at the time of their separation in 1965 when Burleigh moved into on-base quarters. In 1966, he began moving his personal effects to California. He changed his post-office address and his home-of-record designation to California, and shortly afterwards moved personally to California in connection with a new duty assignment. Rheta resided in Texas from the date of separation until the present.

Soon after moving to California, Burleigh sued in a court of that State for divorce and ancillary relief. Under a California statute authorizing such service upon a non-resident, a deputy sheriff of Bexar County, Texas received and delivered to Rheta a copy of the complaint and summons. After Rheta failed to appear, the California court awarded an interlocutory decree of divorce that was subsequently incorporated in a final judgment filed in the cause in January 1969. Burleigh was domiciled in California until 1976 when he returned to Texas and again became a domiciliary of this State.

In 1988, Rheta instituted in a Texas court the present action to partition Burleigh's retired-pay entitlement that had accrued in 1971 on his completion of 20–years service. She sued on the pro-rata, community-property, post-divorce theories evolved in such decisions as *Harrell v. Harrell,* 692 S.W.2d 876 (Tex.1985); *Berry v. Berry,* 647 S.W.2d 945 (Tex.1983); *Taggart v. Taggart,* 552 S.W.2d 422 (Tex.1977); *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976); and *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970). Burleigh defended on the ground that the California court had apportioned all the parties' community property, in accordance with the law of that State, in a judgment that

was constitutionally entitled to full faith and credit.

The trial court denied Rheta's prayer for partition. She appealed to this Court where she contends in substance that the California judgment was not entitled to full faith and credit, with regard to the retired-pay entitlement only, because that court lacked the jurisdiction necessary to determine her rights in that regard. Burleigh replies that the California court acquired jurisdiction by virtue of personal service of citation upon Rheta, and the court correctly applied the then-prevailing California doctrine that military retired pay was not "property" subject to division on divorce until after the right to such pay had actually accrued by the necessary 20–years service.

## DISCUSSION AND HOLDINGS

It is undisputed that Rheta was domiciled in Texas at all material times and that she was physically present in Texas when she received personal service of the summons and complaint. The law of California authorized that method of service upon individuals domiciled outside California, but the law of that State also prescribed the jurisdiction conferred by that method of service. Under the law of California at the time, the court did not acquire jurisdiction over the person of the "non-resident." "In divorce matters [personal service upon the "non-resident"] brings the marital status before the court but not the person of the defendant so that the court lacks jurisdiction to award alimony or any allowance for the support of children." *King v. Superior Court,* 99 Cal.App.2d 91, 221 P.2d 120, 121 (1950); *see also Comfort v. Comfort,* 17 Cal.2d 736, 751, 112 P.2d 259, 262 (Cal. 1941); Note, *Conflict of Laws: Divisible Divorce in California—Hudson v. Hudson,* 48 Calif.L.Rev. 303, 304 (1959). In Rheta's case, the California court thus acquired *only* the jurisdiction *in rem* necessary to dissolve the marriage, but not any jurisdiction *in personam.* And, as discussed below, jurisdiction *in personam* was necessary to bind Rheta to an implied determination that the parties' interest in the military-retired pay was not "property"

subject to division on dissolution of the marriage.

At the time of the Redus divorce, California law did not regard an interest in military retired pay as "property" until a legal right thereto had accrued by reason of the necessary 20–years service. Before that time, the interest in such pay was a mere expectancy. *French v. French,* 17 Cal.2d 775, 112 P.2d 235 (Cal.1941). California subsequently changed its law in that regard, but the change was not made universally retroactive. *In re Marriage of Brown,* 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (Cal.1976). We assume for purposes of discussion Burleigh's premise that Rheta is not entitled to the retroactive benefit of *Brown.*

The California judgment makes no explicit determination regarding the retired-pay entitlement. This is not surprising under the view of the unaccrued right to retired pay then held by California law. It is also consistent, however, with the very limited jurisdiction the California court acquired by reason of the out-of-state service upon Rheta, a Texas domiciliary.

The parties' interest in the military-retired pay could only be an article of intangible "property" if it was "property" at all. "Jurisdiction over an intangible can ... only arise from control or power over the persons whose relationships are the source of the rights and obligations." *Estin v. Estin,* 334 U.S. 541, 548, 68 S.Ct. 1213, 1218, 92 L.Ed. 1561 (1948). The California court could not have determined Rheta's interest in the retired-pay entitlement because the California court had not acquired power or control over her, save to the limited extent of a jurisdiction *in rem* necessary to dissolve her marriage. The California court lacked entirely the jurisdiction *in personam* necessary to determine any other of her rights, obligations, and interests. Any attempt to do so would be a nullity. Consequently, the California judgment is not entitled to full faith and credit regarding anything apart from her marital status. Thus, the California judgment could not bar her present action for partition of the retired pay. *Estin,* 334 U.S. at

549, 68 S.Ct. at 1218; *Vanderbilt v. Vanderbilt,* 354 U.S. 416, 419, 77 S.Ct. 1360, 1362–63, 1 L.Ed.2d 1456 (1957).

We therefore reverse the trial-court judgment and remand the cause to that court.

GAMMAGE, J., not participating.