Redus v. Redus 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-268-CV





RHETA A. REDUS,



 APPELLANT


vs.





BURLEIGH REDUS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 438,805, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 



 Rheta A. Redus appeals a second time from a trial-court judgment denying relief
in her suit to partition the retired pay earned by her former husband, Burleigh Redus. We will
again reverse the judgment and remand the cause to the trial court.



BACKGROUND


 After the parties married in 1951, Burleigh enlisted in the United States Air Force. 
For the next fourteen years of their marriage, the Reduses lived in Germany for three years, in
California for one year, and in Texas for ten years. They were living in San Antonio when they
separated in July 1965. Burleigh changed his permanent address with the military from Texas to
California and left Texas in December 1966 for his next military assignment.

 In December 1967, Burleigh filed for divorce in California; Rheta, who still resided
in San Antonio, was served with process there but neither answered nor appeared in the California
court, which rendered a default decree of divorce in January 1969. The divorce decree awarded
to each party the personal effects in his or her possession and ordered Burleigh to pay Rheta child
support for their eight children; it did not address Burleigh's military-retirement benefits. In
1971, Burleigh retired with the rank of master sergeant and began collecting retired pay.

 In 1988, Rheta filed suit in Texas to partition the portion of Burleigh's military-retirement benefits that had accrued during the marriage. See Harrell v. Harrell, 692 S.W.2d 876
(Tex. 1985); Berry v. Berry, 647 S.W.2d 945 (Tex. 1983). Burleigh argued that the Texas court
was constitutionally required to give full faith and credit to the California divorce decree
apportioning the parties' community property in a final judgment; at the time of divorce in 1969,
California did not recognize unvested military-retirement benefits as property divisible upon
divorce. See French v. French, 112 P.2d 235 (Cal. 1941). The trial court agreed and denied the
request for partition. 

 In Redus v. Redus, 794 S.W.2d 418 (Tex. App.--Austin 1990, writ denied) (Redus
I), this Court reversed the trial court's judgment, noting that California never acquired personal
jurisdiction over Rheta, who was not a California resident and had never consented to suit there. 
Without in personam jurisdiction over Rheta, the California court had only limited in rem
jurisdiction to determine the marital status of the parties; it could not determine Rheta's interest
in Burleigh's retired pay. See Estin v. Estin, 334 U.S. 541, 548 (1948) (jurisdiction over an
intangible can only arise from control or power over the person who has the right to the property). 
Consequently, we remanded the cause to the trial court, holding that the California divorce decree
was entitled to full faith and credit only as to the parties' marital status and could not bar Rheta's
suit for partition of Burleigh's retired pay.

 On November 5, 1990, about six months after Redus I was announced, Congress
enacted Public Law 101-510, which amended the Uniformed Services Former Spouses' Protection
Act (USFSPA) to limit the ability of former spouses to sue for partition of military-retirement
benefits that were not addressed in a final decree of divorce entered before 1981:



A court may not treat retired pay as property in any proceeding to divide or
partition any amount of retired pay of a member as the property of the member and
the member's spouse or former spouse if a final decree of divorce, dissolution,
annulment, or legal separation (including a court ordered, ratified, or approved
property settlement incident to such decree) affecting the member and the
member's spouse or former spouse (A) was issued before June 25, 1981, and (B)
did not treat (or reserve jurisdiction to treat) any amount of retired pay of the
member as property of the member and the member's spouse or former spouse.



10 U.S.C.A. § 1408(c)(1) (West Supp. 1993). This amendment applies to judgments rendered
before, as well as after, the date of enactment. USFSPA, Pub. L. No. 101-510, § 555(e), 104
Stat. 1569, 1570 (1990), amended by Pub. L. No. 102-190, § 1062(a)(1), 105 Stat. 1475 (1991).

 Upon remand, Burleigh argued that this amendment preempted the state court's
jurisdiction to partition military-retirement benefits accrued during marriage but not addressed in
the final decree of divorce. The trial court agreed and again denied the requested partition. Rheta
now brings her second appeal, arguing by a single point of error that the federal statute serves to
bar a subsequent partition suit only when the court issuing the divorce decree had jurisdiction to
treat that spouse's property interest in the military-retirement benefits. We agree and again
reverse and remand this cause to the trial court.



DISCUSSION


 Burleigh urges this Court to apply the federal statute to bar this suit for partition
of his military-retirement benefits. He argues that the 1969 divorce decree issued by the
California court is a final judgment issued before June 25, 1981, and that, because it did not treat
or reserve jurisdiction to treat any amount of Burleigh's military-retirement benefits, it bars
Rheta's partition suit. Burleigh asks this Court to follow the decision in Knowles v. Knowles, 811
S.W.2d 709 (Tex. App.--Tyler 1991, no writ), in which the court held that section 1408 precludes
a state court from partitioning certain military-retirement benefits when a final decree of divorce
issued before June 25, 1981, does not award or reserve jurisdiction to award either spouse's
interest in those benefits. He also cites decisions from several other states for the proposition that
the federal statute preempts state law permitting partition of military-retirement benefits omitted
from the original divorce decree's division of property. See, e.g., Johnson v. Johnson, 824 P.2d
1381 (Alaska 1992); In re Marriage of Booker, 833 P.2d 734 (Colo. 1992) (en banc). However,
in none of these cases did the court granting the original decree of divorce lack jurisdiction to treat
one party's property interest in the retirement benefits. We believe this distinction critical.

 The 1990 amendment was enacted to correct an unintended consequence of the
USFSPA--the reopening of numerous divorce cases finalized before McCarty v. McCarty, 453 U.S.
210 (1981), the case that the USFSPA was enacted to overturn: (1)



The committee is concerned because some state courts have been less than faithful
in their adherence to the spirit of the law [USFSPA]. The reopening of divorce
cases finalized before the Supreme Court's decision in McCarty v. McCarty that
did not divide retired pay continues to be a significant problem. Years after final
divorce decrees have been issued, some state courts, particularly those in
California, have reopened cases (through partition actions or otherwise) to award
a share of retired pay. Although Congress has twice stated in report language that
this result was not intended, the practice continues unabated. Such action is
inconsistent with the notion that a final decree of divorce represents a final
disposition of the marital estate.



H.R. Rep. No. 665, 101st Cong., 2d Sess. 279, reprinted in 1990 U.S. Code Cong. & Admin.
News 2931, 3005 (emphasis added).

 Although the 1990 amendment to the statute is intended to grant repose in pre-1981
divorce decrees that failed to award military-retirement benefits for reasons unrelated to McCarty,
we cannot understand any rationale for extending its bar to those instances where the divorce court
wholly lacked jurisdiction to treat military-retirement benefits. A divorce decree can only
represent a final disposition of the marital estate if the court granting the divorce had jurisdiction
to divide the parties' interest in their marital estate. As we held in Redus I, the California court
granting the Redus divorce could determine marital status but "lacked entirely the jurisdiction in
personam necessary to determine any other of [Rheta's] rights, obligations, and interests. Any
attempt to do so would be a nullity." 794 S.W.2d at 420.

 Where there has never been a final determination of the marital estate due to the
lack of in personam jurisdiction over one of the parties, it would go beyond the congressional
intent of granting repose to allow the federal statute to bar whatever state remedies might be
available in a forum that does have jurisdiction over the parties and their undivided marital estate. 
We believe that the 1990 amendment to section 1408 was intended to give a state court with
jurisdiction over military-retirement benefits one chance and one chance only to divide those
benefits in a divorce; we do not think it was intended to mean that, in some circumstances, there
should be no chance for the military-retirement benefits to be divided.

 We note that the USFSPA itself deprives a state court of jurisdiction to treat
military-retirement benefits unless the court has jurisdiction over the military member by reason
of "(A) his residence, other than because of military assignment, in the territorial jurisdiction of
the court; (B) his domicile in the territorial jurisdiction of the court; or (C) his consent to the
jurisdiction of the court." 10 U.S.C.A. § 1408(c)(4) (West Supp. 1993). Section 1408 refers to
pre-1981 judgments that do not treat or reserve jurisdiction to treat retired pay; by necessity, a
court must have jurisdiction over retired pay before the court can treat or reserve jurisdiction to
treat the pay. Therefore, we refuse to apply the statute to bar a state court's post-divorce ability
to treat military-retirement benefits when the court granting the divorce was wholly without
jurisdiction to determine one party's rights and interests in those benefits at the time of the
divorce. Under federal statute, the parties are entitled to only one chance to have a court with
jurisdiction treat their interest in military-retirement benefits, but they are entitled to that one
chance, whether at the time of divorce or afterward.

 Burleigh argues that the divorce decree did not address his retirement benefits
because, in 1969, California did not regard military retired pay as "property" before the member
had served the requisite twenty years. We believe this point irrelevant given that the California
court could not have addressed Rheta's interest in Burleigh's retirement benefits based on the
limited jurisdiction it had acquired by out-of-state service upon a Texas domiciliary. And, as we
held in Redus I, "jurisdiction in personam was necessary to bind Rheta to an implied
determination that the parties' interest in the military retired pay was not `property' subject to
division on dissolution of the marriage." 794 S.W.2d at 419-20. 



CONCLUSION


 Governed by our earlier decision that the California court lacked personal
jurisdiction over Rheta Redus and thus lacked the jurisdiction to determine any of her rights or
interests in Burleigh Redus' military-retirement benefits at the time of divorce, we hold that
section 1408 of the USFSPA does not bar this suit for partition of the retired pay. We, therefore,
sustain Rheta's single point of error and reverse the trial court's judgment and remand the cause
to that court.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Reversed and Remanded

Filed: April 21, 1993

[Publish] 
1. [1] USFSPA was adopted by Congress in 1982 in response to the decision of the United
States Supreme Court in McCarty v. McCarty, 453 U.S. 210 (1981), holding that state courts
had no jurisdiction under any circumstances to treat retired pay of a military member as
marital property. Mansell v. Mansell, 490 U.S. 581, 584 (1989); see Peter Mallory, Military
Retired Pay and Divorce: Congress Retires McCarty v. McCarty--Is That Enough?, 40 Wash.
& Lee L. Rev. 271 (1983).