[Civ. No. 3524.  Second Appellate District, Division One.—April 20, 1921.]

## O. J. M. FAVORITE et al., Petitioners, v. SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

[1] MANDAMUS—ENFORCEMENT OF CONTEMPT PROCEEDING—REFUSAL OF SECRETARY OF CORPORATION TO COMPLY WITH ORDER PERMITTING INSPECTION OF BOOKS—RECORD—DENIAL OF WRIT.—Where in a proceeding for a writ of mandate to compel a superior court to enforce contempt proceedings against the secretary of a corporation for refusal to permit the petitioners to inspect the books of the corporation in order that they might ascertain the names of the stockholders for the purpose of naming them as defendants in an action brought by the petitioners on their stockholder's liability, it is not made to appear what particular matters were before the court upon the hearing of the order to show cause, but the petition merely shows that the matter came on for hearing and that the order was dismissed, the writ will be withheld.

[2] CORPORATIONS—ACTION BY CREDITOR FOR FRAUD—DISCLOSURE OF NAMES OF STOCKHOLDERS—JURISDICTION OF COURT.—Where an action against a corporation and its stockholders for damages for fraud in no way involves an issue to obtain a disclosure of the names and stock holdings of the fictitiously designated defendants, the court has no jurisdiction to make an order requiring the corporation to exhibit its books to the plaintiff for the purpose of ascertaining the true names of such stockholders and the number of shares owned by them.

[3] ID. — INSPECTION OF BOOKS — EX PARTE ORDER. — Conceding the jurisdiction of the superior court in an action against a corporation for damages for fraud to make an order requiring the corporation to exhibit its books to the plaintiff in order that the plaintiff might ascertain the names of the stockholders and the number of shares owned by them, such an order cannot be granted on an *ex parte* application.

APPLICATION for a Writ of Mandamus to compel the Superior Court to enforce contempt proceedings. J. W. Curtis, Judge. Denied.

The facts are stated in the opinion of the court.

D. B. Chapin for Petitioners.

Adair & Winder for Respondents.

JAMES, J.—Petitioners prosecute this proceeding for the purpose of obtaining a writ of mandate to compel the respondent superior court to enforce contempt proceedings against the secretary of the Security Investment Company, a corporation, the alleged contempt consisting in the refusal of said secretary to obey an order requiring that he exhibit to the petitioners the stock books of the corporation in order that they might ascertain the names of the stockholders and the number of shares owned by each. Petitioners had insisted upon that right under the terms of section 378 of the Civil Code, as alleged creditors of the corporation. By the petition filed herein petitioners show that at the time of the commencement of this proceeding there was pending in the superior court of the county of San Bernardino an action wherein these petitioners were the plaintiffs and the Security Investment Company and others defendants, which action was one to secure judgment for a large amount of damages alleged to have been caused to the plaintiffs through certain acts of the defendant corporation in obtaining the contracts of the plaintiffs, and because of acts of fraud committed in connection therewith. The petition shows that in the action referred to there were named as defendants more than one hundred persons and corporations fictitiously designated whose connection with the action was shown by an allegation in the complaint that such fictitiously named parties were stockholders in the corporation defendant, and that the particular names and the amount of stock held by each were unknown to the plaintiffs. The petition herein further recites that the superior court in that action made its order requiring the plaintiffs to amend their complaint and show the true names and the number of shares of stock held by the vari-

ous persons and corporations therein fictitiously designated; that in order to obtain that information plaintiffs made a written application and filed the same in the court wherein the action was pending, which application set forth that plaintiffs were creditors of the defendant corporation; that they had demanded leave to inspect the books of the corporation for the purpose of obtaining the names and number of shares of the stockholders, and that such demand had been refused; further stating that in order to comply with the direction of the court requiring an amendment to be made to the complaint it was necessary that the information be secured. The petition further shows that upon the filing of that application, which was presented *ex parte* and without notice to the corporation or its officers, the superior court made its order requiring the stock books of the Security Investment Company to be exhibited to the plaintiffs. The petition further shows that the order so made was served upon the secretary of the corporation and that the secretary refused to comply therewith; that thereafter these petitioners applied to the superior court for an order requiring said secretary to appear and show cause why he should not be punished for contempt in disobeying the order of the court. In the petition it is then alleged: "That on, to wit: the 14th day of February, 1921, said order to show cause came on for hearing before said court and judge, and said court and judge then and there made and entered an order dismissing the same, and refused and still refuses to enforce said order. That the said judge had no discretion to grant or refuse an order for an attachment for the contempt in said matter, but was bound in law to issue it."

Alternative writ was issued herein. In response thereto respondent demurred to the sufficiency of the facts stated in the petition and upon the issue of law so raised the matter was submitted for final determination.

[1] In order to determine whether the action of the trial judge in dismissing the order to show cause was without justification, it is necessary that it be made to appear what particular matters were before the court upon the hearing of the order to show cause. The petition shows merely that the matter came on for hearing and that the order was dismissed. Whether the adverse parties ap-

peared, and as to what objections, if any, were urged
against the order as made, we are not advised, and
this condition of the petition affords sufficient reason in
itself why peremptory writ should be withheld.  [2]  How-
ever, several points are urged on behalf of respondent in
opposition to the prayer for the writ, chief of which are:
First, that the court in the action referred to had no
jurisdiction to make an order requiring the corporation to
exhibit its books to plaintiff; second, that if jurisdiction
to make an order of that purport be conceded, that such
order could not be granted upon an *ex parte* application,
but could only be secured after notice to the opposite
party, in the same manner as is prescribed for the securing
of inspection of documents by the provisions of section 1000
of the Code of Civil Procedure.  We are inclined to agree
with respondent as to both of these positions.  It was the
duty of plaintiffs in the action referred to, to have secured
all information essential to the designation of the parties,
to wit, the names of the stockholders and the number of
shares held by éach, before commencing their action.  That
suit in no way involved an issue to obtain a disclosure
of the names and stock holdings of the fictitiously desig-
nated defendants.  It was an action purely for damages
and does not fall within the holding of *State ex rel. Wat-
kins* v. *Donnell Mfg. Co.,* 129 Mo. App. 206, [107 S. W.
1112], where the Missouri court of appeal said: ''When a
proceeding in equity is pending between the same parties
at the time of the application for *mandamus,* in which suit
the relief sought by *mandamus* could be fully administered,
it is entirely proper for the court to decline to issue the
writ.''  This authority was cited by petitioners in response
to respondent's claim that the plaintiffs in the superior
court action should have proceeded by *mandamus* to obtain
the inspection desired, that remedy being declared a proper
one in *Johnson* v. *Langdon,* 135 Cal. 624, [87 Am. St. Rep.
156, 67 Pac. 1050].  [3]  Under respondent's second point
we are of the opinion that the order made was not one to
be classified as of the kind ''usually granted in the first
instance upon *ex parte* application,'' as section 166 of the
Code of Civil Procedure declares may be made at chambers
by judges of the superior court.  The corporation and its
officers, had they been given notice, might have resisted the

application for the order by a showing, for instance, that there were no stockholders in any number other than those particularly named in plaintiff's complaint, and that would have been a complete answer to the application. As before stated, we are unable to determine from the petition what, if anything, was presented to the trial court on the return day of the contempt order. If the order was improper to be made upon *ex parte* application, as we think it was, the court had authority to vacate it as having been inadvertently made, and to dismiss the proceeding. (Sec. 937, Code Civ. Proc.) If facts were presented in answer to the order to show cause, furnishing reason why the court should refrain from further proceeding against the officers of the corporation, the order of dismissal would again be fully justified. For these reasons we think that this court should decline to issue the writ.

Peremptory writ is denied, with costs to respondents.

Conrey, P. J., and Shaw, J., concurred.