[Civ. No. 13109. Second Dist., Div. One.—April 30, 1941.]

ARTHUR BRIGHAM ROSE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

600

A. Brigham Rose, *in pro. per.*

WHITE, J.— I vote to deny the petition, primarily on the reasoning and holding in *C. S. Smith Metropolitan Market* v. *Superior Court,* 16 Cal. (2d) 226 [105 Pac. (2d) 587]. In the instant case it appears from the petition before us that after an order to show cause *in re* contempt had been issued, petitioner appeared in response thereto and offered to present his defense, which right, he claims, was denied him, and that he was thereupon found guilty of contempt. He bases his defense, according to the claims of his petition, upon the irrelevancy and immateriality of the questions propounded to his client and which petitioner advised his client not to answer. Under the cited case, it appears to me that his remedy was by way of *certiorari* or *habeas corpus.* In my opinion, these remedies remain available to petitioner should the court proceed to pronounce judgment.

 Furthermore, in any petition for *certiorari, habeas corpus* or prohibition presented under the facts of this case, we should be furnished with a copy of the pleadings in the litigation in question, together with a copy of the deposition containing the disputed questions and answers, as well as a copy of the affidavit upon which the order to show cause *in re* contempt was issued. In determining the materiality, com-

petency or relevancy of the questions upon which the order to show cause *in re* contempt was predicated, we must of necessity have before us the foregoing documents. In the instant petition we are not furnished with them.

YORK, P. J., Concurring.— ▮▮ The petition is denied for the reason that it does not even purport to give all the proceedings had in the respondent court, but only such portions of the pleadings, affidavits and proceedings as the petitioner wants to direct our attention to. Only the conclusion of petitioner is given us as to what the controversy is about, parts of evidence are set out only, but the conduct of petitioner at the taking of the deposition, as set out in the part of the proceeding before the notary, shows conclusively that petitioner did not confine his objections to the legal objections provided by law.

In the absence of copies of the complaint and answer and a full showing of the proceedings before the trial court and the notary, especially a full copy of the affidavit *in re* contempt, and as Exhibit "A" is not complete in that the transcript referred to therein is not made available to this court, we are without authority to grant the petition.

Under the facts alleged in the petition, it is impossible for any court to decide whether or not the petitioner is, or might hereafter be, entitled to any remedy, without the court being first fully informed of the proceedings had in the trial court.

Doran, J., concurred.