[Civ. No. 19109. Fourth Dist., Div. Two. Jan. 26, 1978.]

JOSEPH WILFORT LEMELLE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Henry William Sands for Petitioner.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, Oretta D. Sears and Thomas H. Wolfsen, Deputy District Attorneys, for Respondent and Real Party in Interest.

## Opinion

**KAUFMAN, J.**—Petitioner seeks a writ of mandate to compel discovery in a criminal action.

### *Facts*

Petitioner is the defendant in criminal action No. C-37279 pending in the Orange County Superior Court. He is charged by information with unlawful possession of cocaine (Health & Saf. Code, § 11350), possession for sale of lysergic acid (Health & Saf. Code, § 11378), battery on a peace officer (Pen. Code, §§ 242, 243), and resisting arrest (Pen. Code, § 148). For ease of identification petitioner will hereinafter be referred to as defendant.

Defendant moved for pretrial discovery seeking an order that the district attorney make available to defendant's attorney for examination and copying some 23 items or groups of items in the possession of the district attorney, his deputies, employees or agents. Among those things sought were the following:

"20. All records involving all persons who have, at any time filed complaints against Seal Beach Police Officers W. Ungerman (Badge #96) and P. D. Palmer (Badge #131), both of whom were involved in the altercation with defendant which forms the basis of counts III and IV of the information filed herein, for unnecessary acts of aggressive behavior, violence, excessive force or for acts demonstrating racial and/or ethnic prejudice.

"21. All crime reports or arrest reports filed by either of the officers mentioned in paragraph 20 above, in which the principal complaint against the suspect was a violation of section 148 or 242-243 of the penal code, or some other act of aggression against or resistance to said officers, within the last 10 years.

"22. All medical records of any psychiatric or psychological treatment of either police officer in the State of California in which an opinion is rendered by the treating or examining person as to said officer's character trait for acts of aggression, violence, excessive force or for acts demonstrating racial or ethnic bias or prejudice.

"23. Any psychological or psychiatric test record of a test given either officer mentioned in paragraph 20 above, in connection with his training, employment or occupation as a police officer including any police academy matriculation."

In support of his motion defendant filed a declaration, the pertinent averments of which will be set forth hereinafter in connection with our discussion of the issues.

Although we have not been furnished a copy of the court's order, we are told the trial court granted discovery as to all items requested, including item 20, except items 21, 22 and 23 set forth above. As to those items, we are told, the trial court denied the motion for discovery. Defendant petitioned this court for a writ of mandate to compel discovery of items 21, 22 and 23. We denied the petition without opinion. The California Supreme Court granted hearing and retransferred the matter to this court with directions to issue an alternative writ of mandate. We issued the alternative writ as directed.

### Contentions, Discussion and Disposition

Defendant concedes that no reported California decision has directed discovery of the type of matter he seeks in items 21, 22 and 23, but he contends that such discovery is authorized under the general principles laid down in the leading decisions on pretrial discovery in criminal cases.

The district attorney contends the trial court did not abuse its discretion in denying discovery as to items 21, 22 and 23 because (1) this part of the discovery motion constitutes no more than a "fishing expedition"; the records sought have not been sufficiently identified and good cause for their production has not been demonstrated by defendant; (2) defendant's request for items 22 and 23 constitutes, in effect, a *Ballard* motion (*Ballard* v. *Superior Court,* 64 Cal.2d 159 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416]) which is authorized only in sex cases; (3) the production of the records sought as items 22 and 23 would violate the peace officers' psychotherapist-patient privilege established by Evidence Code section 1014; and (4) production of the records sought as items 22 and 23 would violate the peace officers' right to privacy guaranteed by article I, section 1 of the California Constitution and several of the Amendments to the United States Constitution.

We decline to issue a peremptory writ on two separate bases: (1) Defendant has failed to supply us a record adequate to permit intelligent review of the trial court's action; and (2) reviewing the record we do have, no abuse of discretion on the part of the trial court is demonstrated.

*Inadequate Record*

A motion for pretrial discovery by an accused is addressed to the sound discretion of the trial court and a writ of mandate will not issue unless it is demonstrated that the trial court abused its discretion. (*Hill* v. *Superior Court,* 10 Cal.3d 812, 816, 822 [112 Cal.Rptr. 257, 518 P.2d 1353]; *People* v. *Lopez,* 60 Cal.2d 223, 247 [32 Cal.Rptr. 424, 384 P.2d 16]; *People* v. *Terry,* 57 Cal.2d 538, 561 [21 Cal.Rptr. 185, 370 P.2d 985]; *Vetter* v. *Superior Court,* 189 Cal.App.2d 132, 134, 136 [10 Cal.Rptr. 890]; see *Powell* v. *Superior Court,* 48 Cal.2d 704, 708 [312 P.2d 698].) " 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (Original italics.) (*Denham* v. *Superior Court,* 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193] [quoting language in Witkin, Cal. Procedure, now found at 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 235, p. 4225]; accord: *Walling* v. *Kimball,* 17 Cal.2d 364, 373 [110 P.2d 58].) Just as an appellant must furnish an adequate record on appeal (see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 373, p. 4345 and cases there cited), a petitioner for an extraordinary writ to the trial court must furnish a record sufficient to enable the reviewing court to evaluate the lower court's exercise of discretion. (*Rose* v. *Superior Court,* 44 Cal.App.2d 599, 600-601 [112 P.2d 713]; *In re Rapken,* 111 Cal.App. 107, 108 [295 P. 344]; *Charles L. Donohoe Co.* v. *Superior Court,* 79 Cal.App. 41, 45 [248 P. 1007]; *Favorite* v. *Superior Court,* 52 Cal.App. 316, 318-319 [198 P. 1004]; cf. *Thompson* v. *Superior Court,* 262 Cal.App.2d 98, 103-104 [68 Cal.Rptr. 530]; see 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 139, 140, pp. 3913-3914; Cal. Civil Writs (Cont.Ed.Bar 1970) § 10.38, p. 222.) The starting point of such a record is a copy of the order to be reviewed. A proper record should include a copy of all declarations filed in the lower court. It should in most instances also include a transcript of any hearing. In the absence of a transcript the reviewing court will have no way of knowing in many cases what grounds were advanced, what arguments were made and what facts may have been admitted, mutually assumed or judicially noticed at the hearing. In such a case, no abuse of discretion can be

found except on the basis of speculation. That is the situation in the case at bench.

■ The record supplied by defendant consists entirely of a copy of his notice of motion, declaration and points and authorities. Apparently the prosecution filed no ·declarations or points and authorities; at least none have been furnished· us. We are not furnished a transcript of the hearing on the motion, and, except as indicated in defendant's points and authorities, we have no idea what grounds were advanced or what ·arguments were made in the trial court in support of or in opposition to the motion. Defendant's declaration does not set forth the facts pertaining to the incident giving rise to the charges nor the circumstances surrounding his arrest. Although from the description of the records sought as item 22 it would appear to be a significant fact, the declaration does not state and the record does not otherwise establish whether or not defendant is a member of a racial or ethnic minority group. Obviously, at the hearing on the motion some of these facts and circumstances must have been mutually assumed or conceded, but there is nothing from which we can determine what those conceded or assumed facts were. We are not even furnished a copy of the order we are asked to review. Under these circumstances we cannot properly review the trial court's exercise of discretion.

*No Abuse of Discretion*

■ Even if we review the trial court's exercise of discretion on the basis of the record we do have, no abuse of discretion is demonstrated.

As item 22 defendant seeks all medical records of any psychiatric or psychological treatment of either officer in which an opinion is rendered by the treating or examining person as to the officer's character trait for acts of aggression, violence, excessive force or acts demonstrating racial or ethnic bias or prejudice.[1] As to the police officers these records are

---

[1]The scope of the request is in one respect uncertain. The notice of motion refers to matter in the possession of the district attorney, his deputies, employees or agents. (As to the propriety of an order requiring the prosecutor to obtain information in the possession of other agencies which are part of the criminal justice system, see *Pitchess* v. *Superior Court,* 11 Cal.3d 531, 534-535 [113 Cal.Rptr. 897, 522 P.2d 305]; *Hill* v. *Superior Court, supra,* 10 Cal.3d at pp. 817-818; *Engstrom* v. *Superior Court,* 20 Cal.App.3d 240, 243-244 [97 Cal.Rptr. 484] [disapproved on other grounds to the extent inconsistent therewith in *Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 820].) It is clear from the declaration of defendant's attorney that he considers the Seal Beach Police· Department, the officers' employer, to be the district attorney's agent. It is not clear whether defendant classifies the officers themselves as agents of the district attorney for this purpose and whether he

presumptively privileged under the psychotherapist-patient privilege prescribed by the Evidence Code.[2] (Evid. Code, §§ 1014, 1012, 917.) Unlike the physician-patient privilege which by statutory exception is inapplicable in criminal proceedings (Evid. Code, § 998), with exceptions not here pertinent (see Evid. Code, §§ 1023, 1028), the psychotherapist-patient privilege is applicable in criminal proceedings. (See Evid. Code, §§ 300, 910, 1010-1026.) Privileged matter is not discoverable. (See *Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 817; *Ballard* v. *Superior Court,* 64 Cal.2d 159, 167 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416]; see also *Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 538 et seq.; *In re Valerie E., supra,* 50 Cal.App.3d at pp. 218, 219.)

Noting that under Evidence Code sections 1014 and 1015 the psychotherapist-patient privilege can only be asserted by the patient, his authorized representative or the psychotherapist, defendant contends the district attorney may not assert the privilege on behalf of the police officers. Assuming defendant is correct, Evidence Code section 916 provides in relevant part: "The presiding officer [i.e., the judge], *on his own motion or on the motion of any party,* shall exclude information that is subject to a claim of privilege under this division if: (1) The person from whom the information is sought is not a person authorized to claim the privilege; and (2) [t]here is no party to the proceeding who is a person authorized to claim the privilege." (Italics added.) The conditions described in (1) and (2) are precisely those existent at the hearing on the motion for discovery, and the court was statutorily required on its own motion or on motion of the district attorney to exclude from its discovery order the privileged records sought by defendant as item 22.

---

seeks such records in their possession. Since what is sought is medical records of psychiatric or psychological treatment, it seems probable that such records, if they exist, are in the possession of the officers themselves, or even more likely, the psychiatrist or psychologist who rendered the treatment. It is established, of course, that an accused need not prove the existence of the records sought as a prerequisite to a discovery order. (*Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 817; *In re Valerie E.,* 50 Cal.App.3d 213, 218-219 [123 Cal.Rptr. 242].)

[2] As to any such records in the possession of the Seal Beach Police Department or the district attorney we note the inapplicability of Evidence Code section 1026 which reads: "There is no privilege under this article as to information that the psychotherapist or the patient is required to report to a public employee or as to information required to be recorded in a public office, *if such report or record is open to public inspection.*" (Italics added.) There is no indication that any such records in the hands of the police department or district attorney would be open to public inspection. (See Gov. Code, § 6254, subd. (c).) If they were, defendant could obtain the information himself, and no discovery order would be required. (*Joe Z.* v. *Superior Court,* 3 Cal.3d 797, 806 [91 Cal.Rptr. 594, 478 P.2d 26]; see *Hill* v. *Superior Court, supra,* 10 Cal.3d at pp. 817-819.)

Next defendant urges the applicability of an exception to the psychotherapist-patient privilege contained in Evidence Code section 1024 which reads: "There is no privilege under this article if the psychotherapist has reasonable cause to believe that the patient is in such mental or emotional condition as to be dangerous to himself or to the person or property of another and that disclosure of the communication is necessary to prevent the threatened danger." In this connection, defendant places some reliance upon *In re Lifschutz,* 2 Cal.3d 415 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1], and *Tarasoff* v. *Regents of University of California,* 17 Cal.3d 425 [131 Cal.Rptr. 14, 551 P.2d 334].

Neither the points and authorities in support of the discovery motion nor anything else in the record indicate the applicability of Evidence Code section 1024 was raised by defendant in the trial court. We are confident it was not, for even in this court the contention is first found in defendant's traverse to the People's return. It is fundamental that a reviewing court will not consider issues not raised in the trial court. (E.g., *Estate of Westerman,* 68 Cal.2d 267, 279 [66 Cal.Rptr. 29, 437 P.2d 517], and cases there cited; *People* v. *Gaulden,* 36 Cal.App.3d 942, 962 [111 Cal.Rptr. 803]; *Jenner* v. *City Council,* 164 Cal.App.2d 490, 498 [331 P.2d 176]; see *Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 822.)

Moreover, on the record before us, Evidence Code section 1024 is not helpful to defendant. Quite obviously the purpose of the section is to free the psychotherapist from the strictures of confidentiality and permit him to make disclosure in the factual circumstances specified, i.e., when he has reasonable cause to believe his patient is in such mental or emotional condition as to be dangerous to himself or the person or property of another. (Cf. *Tarasoff* v. *Regents of University of California, supra,* 17 Cal.3d at pp. 441-442.) There is nothing whatever in the record before us, not even declarations on information and belief, indicating the existence of the factual basis requisite to applicability of section 1024. Even if, as is averred on information and belief in the declaration filed in support of defendant's discovery motion, a psychotherapist has "formed an opinion" that one of the officers involved has a "propensity . . . toward unnecessary acts of aggressive behavior, violence, excessive force or for acts demonstrating racial and/or ethnic prejudice," that does not by any means establish the psychotherapist had reasonable cause to believe the officer was "in such mental or emotional condition as to be dangerous to himself or to the person or property of another" or that "disclosure of the communication is necessary to prevent the threatened danger."

Defendant is, of course, not precluded from presenting to the trial court hereafter any appropriate motion relating to pretrial discovery, including a motion to test the applicability of Evidence Code section 1024 and for an *in camera* inspection of these records if they exist. There is no indication whatever in the record, however, that defendant requested any such *in camera* inspection in the trial court, and it is not he who raises the question in this court. Indeed, as we have previously pointed out, the whole question of the applicability of Evidence Code section 1024 was apparently not presented to the trial court. The question before us is whether the trial court abused its discretion, and we decline to hold the trial court abused its discretion in failing to conduct an *in camera* inspection not requested by defendant in the trial court or here and the propriety of which was not indicated to the trial court by defendant's contentions.

To the extent defendant's citation of *Lifschutz* and *Tarasoff* may be understood as urging creation of a nonstatutory exception to the psychotherapist-patient privilege, defendant misconceives the judicial function and misinterprets *Lifschutz* and *Tarasoff.* As these cases recognize, the public interests in safeguarding the confidential character of psychotherapeutic communication and thereby supporting effective treatment of mental illness and protecting the rights of patients to privacy are highly important (*Tarasoff* v. *Regents of University of California, supra,* 17 Cal.3d at p. 440) and, indeed, have constitutional underpinnings (*In re Lifschutz, supra,* 2 Cal.3d at pp. 431-432). As the court in *Tarasoff* observed (17 Cal.3d at pp. 440-441), the Legislature has undertaken the difficult task of balancing those important public interests against others and has resolved the problems by enactment of the Evidence Code provisions prescribing the psychotherapist-patient privilege and certain exceptions thereto. ██ Unless its resolution of the matter is unconstitutional, and no claim of unconstitutionality[3] is here made or, so far as the record indicates, was made in the

---

[3]While one of the values underlying our judicially created system of pretrial discovery in criminal cases is "the fundamental proposition that he [the accused] is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information" (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 535; see also *Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 816; *Cash* v. *Superior Court,* 53 Cal.2d 72, 75 [346 P.2d 407]), pretrial discovery in criminal cases is not constitutionally compelled. (*People* v. *Municipal Court (Runyan),* 20 Cal.3d 523, 530-531 [143 Cal.Rptr. 609, 574 P.2d 425]; *Jones* v. *Superior Court,* 58 Cal.2d 56, 59-60 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213]; see ABA Project on Standards for Crim. Justice, Stds. Relating to Discovery and Procedure Before Trial (Approved Draft 1970) § d to commentary to std. 2.1, citing Traynor, *Ground Lost and Found in Criminal Discovery* (1964) 39 N.Y.U.L. Rev. 228, 242, fn. 77.)

trial court, the Legislature's resolution of the competing interests is binding on the courts. Courts are not authorized to create exceptions to a statute not made by the Legislature. (*Stockton Theatres, Inc.* v. *Palermo,* 47 Cal.2d 469, 476 [304 P.2d 7]; *Crocker Nat. Bk.* v. *Byrne & McDonnell,* 178 Cal. 329, 335 [173 P. 752]; cf. *People* v. *Municipal Court (Runyan),* *supra,* 20 Cal.3d at p. 528.)

There is nothing to the contrary in either *Lifschutz* or *Tarasoff.* True, in *Lifschutz* the court observed: "In the past this state interest [the ascertainment of truth in legal proceedings] has been viewed as substantial enough to compel the disclosure of a great variety of confidential material. [Citations.]" (2 Cal.3d at pp. 432-433.) This statement was made, however, in support of the constitutionality of the statutorily provided patient-litigant exception to the psychotherapist-patient privilege (Evid. Code, § 1016), and the court's decision upholding the constitutionality of the statutory exception did not, of course, conflict in any way with the privilege. Not one of the cases cited in support of the quoted statement involved a judicial attempt to override a legislatively created privilege, and *Lifschutz* is no authority for the propriety of any such judicial action.

In *Tarasoff* the court was confronted with the question whether a psychotherapist who is aware that his patient poses a serious danger of death or serious bodily harm to a third person is under a civil duty to warn the third person of the danger or otherwise exercise reasonable care for the protection of that third person. In holding he does, the court said: "We conclude that the public policy favoring protection of the confidential character of patient-psychotherapist communications must yield to the extent to which disclosure is essential to avert danger to others." (17 Cal.3d at p. 442.) The court, however, was not faced with overriding the legislatively prescribed psychotherapist-patient privilege. It specifically noted that the Legislature had undertaken the difficult task of balancing the countervailing concerns and resolved the matter by enacting Evidence Code section 1024, quoted above, establishing an exception to the privilege where the psychotherapist has reasonable cause to believe the patient to be dangerous to himself or the person or property of another and that disclosure of the communication is necessary to prevent the threatened danger. Thus, the *Tarasoff* court did not purport to override the legislatively established privilege; on the contrary, its imposition of duty on the psychotherapist was wholly consistent with and based in part on the legislatively created exception to the privilege.

█ We conclude the court committed no abuse of discretion in denying pretrial discovery as to item 22.

We turn to items 21 and 23.

█ As the district attorney correctly points out, a defendant's motion for discovery must describe the requested information with reasonable specificity and must be sustained by plausible justification for production of the items requested. (*Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 817; *Joe Z.* v. *Superior Court, supra,* 3 Cal.3d at p. 804; *Ballard* v. *Superior Court, supra,* 64 Cal.2d at p. 167; *Hinojosa* v. *Superior Court,* 55 Cal.App.3d 692, 696 [127 Cal.Rptr. 664]; *In re Valerie E., supra,* 50 Cal.App.3d at p. 218.) When the requisite specificity is lacking or no showing of good cause is made there is no abuse of discretion in denying discovery. (*Hill* v. *Superior Court, supra*; *Joe Z.* v. *Superior Court, supra*; *Hinojosa* v. *Superior Court, supra,* 55 Cal.App.3d at p. 697; *Engstrom* v. *Superior Court, supra,* 20 Cal.App.3d at p. 245.)

█ "A showing . . . that the defendant cannot readily obtain the information through his own efforts will ordinarily entitle him to pretrial knowledge of any unprivileged evidence, or information that might lead to the discovery of evidence, if it appears reasonable that such knowledge will assist him in preparing his defense. . . ." (Traynor, *Ground Lost and Found in Criminal Discovery* (1964) 39 N.Y.U.L.Rev. 228, 244; *Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 817; *Ballard* v. *Superior Court, supra,* 64 Cal.2d at p. 167.) · █ "Although the defendant does not have to show, and indeed may be unable to show, that the evidence which he seeks to have produced would be admissible at the trial [citations], he does have to show some better cause for inspection than a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime." (*People* v. *Cooper,* 53 Cal.2d 755, 770 [3 Cal.Rptr. 148, 349 P.2d 964]; *Ballard* v. *Superior Court, supra*; accord: *Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 537; *Joe Z.* v. *Superior Court, supra,* 3 Cal.3d at p. 804.) He must demonstrate the requested information will facilitate the ascertainment of the facts and a fair trial. (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 536; *Bortin* v. *Superior Court,* 64 Cal.App.3d 873, 878 [135 Cal.Rptr. 30].)

█ █ The records sought by defendant as items 21 and 23 are sufficiently identified. Item 21 is all crime and arrest reports filed by either of two specified officers in the last 10 years in which the principal

complaint was a violation of section 148 or sections 242 and 243 of the Penal Code or some other act of aggression against or resistance to the officer. Item 23 is any record of a psychological or psychiatric test given either officer in connection with his training, employment or occupation as a police officer. While the term "principal complaint" is ambiguous and renders the description of item 21 somewhat uncertain, we believe that problem more properly relates to the burden that would be placed on the prosecution by an order for the production of item 21, which we shall discuss later, and we conclude defendant has made reasonably clear what records he seeks.

The attempt to establish plausible justification is found in the declaration made by defendant's attorney. It declares that, in defense of the charges of battery on a peace officer and resisting arrest, defendant will attempt to show that any force used by him against the police officers "was in defense of his person against acts of aggression and excessive and illegal force being then and there used by said officers against defendant."

As specific justification for the production of item 21 (crime and arrest reports as to third persons) the declaration states: "That your declarant is informed and believes that each of said officers have individually and in furtherance of a conspiracy filed baseless charges against persons accusing the latter of committing acts against the former violative of sections 148 PC, 242 P.C. and 243 P.C. and in support of which charges have made certain crime and arrest reports against said persons all in effort to conceal and obfuscate the true state of facts, namely that said officers or either of them were the aggressors and committed unnecessary acts of aggressive behavior, violence, excessive force or acts demonstrating racial and/or ethnic prejudice."

■ Evidence of an officer's tendency to violence, whether in the form of an opinion, evidence of reputation, or evidence of specific instances of conduct, is admissible in a prosecution in which the defendant is charged with battery on a peace officer and resisting arrest. (Evid. Code, § 1103; *Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 537; *Hinojosa* v. *Superior Court, supra,* 55 Cal.App.3d at p. 696.) ■ However, the usefulness to defendant of the crime and arrest reports of third persons sought as item 21 is speculative and remote at best. What defendant hopes to prove is that the officers have made a practice of using excessive force and then charging the accused with resisting arrest or assault on a police officer in an effort to conceal

their own misconduct. It cannot be expected that evidence of any such practice by the officers would be disclosed in the crime or arrest reports made by the officers themselves. It is conceivable, however, that from such reports defendant would gain knowledge of incidents similar to the one in which he was involved and the names of persons similarly charged by the officers which, in turn, might lead to admissible evidence tending to show the use of excessive force by the officers on prior occasions. It appears, therefore, that defendant has shown "some cause for discovery, other than 'a mere desire for the benefit of all information . . .'" (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 537) and has satisfied the requirement of plausible justification as to this item.

Not so, however, with respect to item 23.

 In specific justification of item 23 (psychological and psychiatric test records) the declaration states: "That your Declarant is informed and believes that psychiatric and/or psychological . . . testing, has occurred with each of the subject officers and that the administrators of such . . . testing have formed an opinion that each of said officers [*sic*] character or trait of character is such as to demonstrate propensity in said officers toward unnecessary acts of agressive [*sic*] behavior, violence, excessive force or for acts demonstrating racial and/or ethnic prejudice."

The records sought as item 23, however, are not limited to psychological or psychiatric test records disclosing a propensity to aggression, violence, use of excessive force or racial or ethnic prejudice. What is sought is any and all records of psychological or psychiatric tests given either officer at any time in connection with his training, employment or occupation as a police officer. The records sought are not connected to the character traits in issue, and the court did not abuse its discretion in denying defendant's blanket request. (*Hinojosa* v. *Superior Court, supra,* 55 Cal.App.3d at p. 697; cf. *Ballard* v. *Superior Court, supra,* 64 Cal.2d at pp. 166-167; *People* v. *Gaulden, supra,* 36 Cal.App.3d at p. 961.)

 Our determination that plausible justification was shown as to item 21 does not compel the conclusion that the trial court abused its discretion in denying discovery as to that item. "Even upon a showing of good cause . . . the right of an accused to obtain discovery is not absolute. 'In criminal cases, the court retains wide discretion to protect against the disclosure of information which might unduly hamper the prosecution or violate some other legitimate governmental interest.'" (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 538; accord:

*Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 817; *Joe Z.* v. *Superior Court, supra,* 3 Cal.3d at p. 804; *People* v. *Lopez, supra,* 60 Cal.2d at pp. 246-247; *Powell* v. *Superior Court, supra,* 48 Cal.2d at p. 708; *People* v. *Gaulden, supra,* 36 Cal.App.3d at p. 961.)

 In the exercise of its discretion, the court may compare the defendant's demonstration of need for the matter sought with the burden that would be placed on the prosecution in providing it. (See *Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 820; *People* v. *Terry, supra,* 57 Cal.2d at p. 561; *Engstrom* v. *Superior Court, supra,* 20 Cal.App.3d at p. 245; *People* v. *Valdez,* 203 Cal.App.2d 559, 565 [21 Cal.Rptr. 764]; ABA Project on Standards for Crim. Justice, Stds. Relating to Discovery and Procedure Before Trial (Approved Draft 1970) [hereinafter cited as ABA, Standards] std. 2.5 and commentary thereto; cf. *Powell* v. *Superior Court, supra,* 48 Cal.2d at p. 708; *Bortin* v. *Superior Court, supra,* 64 Cal.App.3d at p. 878.) ▇▇ Pertinent considerations include whether the demand for discovery is overly broad (*Ballard* v. *Superior Court, supra,* 64 Cal.2d at pp. 166, 167; *People* v. *Terry, supra,* 57 Cal.2d at p. 561; *People* v. *Cooper, supra,* 53 Cal.2d at p. 770; *Hinojosa* v. *Superior Court, supra,* 55 Cal.App.3d at p. 697; *People* v. *Gaulden, supra,* 36 Cal.App.3d at p. 961) and, importantly, the nature of discovery that has been granted.[4]

 ▇▇ The burden that would be imposed on the prosecution in locating and furnishing item 21, all crime and arrest reports in the last 10 years filed by either officer against any person in which the principal complaint was aggression against or resistance to the officer, would be very substantial.[5] Ten years' accumulation of police department records

---

[4]Other pertinent considerations are whether the demand for discovery is timely, premature or belated (*People* v. *Lopez, supra,* 60 Cal.2d at p. 247; *People* v. *Cooper, supra,* 53 Cal.2d at p. 771; see *Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 821); whether the matter sought is in the possession or under the control of the prosecutor or a third person (see commentary to ABA, Standards, *supra,* std. 2.5); whether the matter sought may be confidential or privileged as to some third person (see commentary to ABA, Standards, *supra,* std. 2.5; cf. *Hinojosa* v. *Superior Court, supra,* 55 Cal.App.3d at p. 697; *People* v. *Gaulden, supra,* 36 Cal.App.3d at p. 961) and whether the demand for discovery is made in good faith or for the purpose of harassing or embarrassing the prosecution (ABA, Standards, *supra,* std. 2.5). The district attorney asserts that defendant's primary purpose in demanding discovery as to item 21 is the harassment of the prosecution. We deem it unnecessary to reach that question.

[5]Attached to the People's return is a declaration of Edward L. Cibbarelli, Chief of Police of the City of Seal Beach, in which it is stated the Seal Beach Police Department's case reports for the past 10 years number approximately 40,000 and that it would take one departmental employee three months working full time to locate the records requested by defendant as item 21. So far as we know, this declaration was not presented

would have to be combed to identify those crime reports and arrest reports filed by each officer. Then, each such crime report and arrest report would have to be scrutinized to ascertain whether the principal complaint was an act of aggression against or resistance to the officer. The burden of that task would be increased by the ambiguity inherent in the term "principal complaint." It might well be questioned, for example, whether aggression against or resistance to an officer is the "principal complaint" against defendant who, it will be remembered, is also charged with unlawful possession of cocaine and possession for sale of lysergic acid.

By contrast, as we have already observed, the usefulness to defendant of the records sought as item 21 is highly speculative and remote. Being records made by the officers, it cannot be expected the reports themselves would contain information tending to show any propensity of the officers to use excessive force. At best, they would give defendant the names of persons who, if they can be found and interrogated, might furnish evidence of the use of excessive force by one or both of the officers on a prior occasion. While admissible, such evidence would be only corroborative of the testimonial account by defendant or other percipient witness of the officers' use of excessive force in the episode in question, which of necessity must constitute the heart of the defense. Of course, the older these records, the less likely it is that defendant would even be able to locate the persons named in them.

Perhaps most importantly, the court granted defendant's discovery request as to item 20, all records concerning complaints by any person against either officer for acts of aggressive behavior, violence, excessive force or acts demonstrating racial or ethnic prejudice. Such records are much more likely to lead to the type of evidence defendant seeks than the records described in item 21, and the order for their production renders defendant's need for item 21 even more tenuous.

Thus, in the exercise of its discretion the trial court could well have concluded that defendant's demand for all such crime and arrest reports filed by either officer in the past 10 years was overbroad and, in view of the order granting discovery as to all records of complaints against either officer (item 20) and the minimal showing of usefulness to defendant of

to the trial court. While this is an original proceeding in this court, its function is to review the trial court's exercise of discretion. It is therefore inappropriate that we consider a declaration not presented to the trial court. (See *Ballard* v. *Superior Court, supra,* 64 Cal.2d at pp. 167-168.) Accordingly, we have given no consideration to the declaration of Chief Cibbarelli.

item 21, an order compelling production of item 21 would impose on the prosecution a burden so excessive and disproportionate to defendant's need therefor that the request for discovery should be denied as to that item. (Cf. *Engstrom* v. *Superior Court, supra,* 20 Cal.App.3d at p. 245.)

The court did not abuse its discretion in denying discovery as to item 21.

The petition for writ of mandate is denied. The alternative writ heretofore issued is discharged.

Gardner, P. J., concurred.

TAMURA, J.—I dissent from the majority's view that petitioner failed to provide an adequate record to review the trial court's order denying discovery. The Supreme Court order directing this court to issue an alternative writ and order to show cause constituted an implied determination that petitioner made an adequate showing to have a decision on the merits of his petition.

I also respectfully dissent from that portion of the majority opinion relating to discovery of the records sought in item 22, i.e., medical records of any psychiatric or psychological treatment of either officer in which the treating or examining doctor has rendered an opinion as to the officer's trait for "acts of aggression, violence, excessive force or for acts demonstrating racial or ethnic bias or prejudice." The majority holds that by virtue of the psychotherapist-patient privilege, the court was statutorily required to deny discovery of item 22.

To borrow the expression of the Supreme Court in *In re Lifschutz,* 2 Cal.3d 415, 438 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1]: "[I] do not believe the patient-psychotherapist privilege should be frozen into the rigidity of absolutism." Nor has the Legislature done so. As our high court observed in *Tarasoff* v. *Regents of University of California,* 17 Cal.3d 425 [131 Cal.Rptr. 14, 551 P.2d 334], in attempting to balance the countervailing interests, the Legislature has tempered the broad rule of privilege granted by Evidence Code section 1014 by enacting the exception provided for in Evidence Code section 1024. (*Id.,* at pp. 440-441.) The latter section provides: "There is no privilege under this article if the psychotherapist has reasonable cause to believe that the

patient is in such mental or emotional condition as to be dangerous to himself or to the person or property of another and that disclosure of the communication is necessary to prevent the threatened danger."

In *Tarasoff* the court applied the Evidence Code section 1024 exception in the context of a patient whose mental condition posed a physical danger to another. The court declared: "We conclude that the public policy favoring protection of the confidential character of patient-psychotherapist communications must yield to the extent to which disclosure is essential to avert danger to others. The protective privilege ends where the public peril begins." (*Tarasoff* v. *Regents of University of California, supra,* 17 Cal.3d 425, 442.)

I submit that the peril to which the public is exposed by a police officer who is suffering from a mental or emotional condition which renders him violence prone or causes him to demonstrate racial bias is a danger of sufficient gravity to justify the invocation of the exception provided by Evidence Code section 1024. In the instant case, I would hold that the trial court abused its discretion in denying out of hand discovery of the records sought in item 22. Instead, the trial court should have ordered production of the records sought, conducted an *in camera* review and determined "through a sensitive exercise of [its] discretionary authority" whether the interests of justice in the particular case would be furthered by disclosure of the records to defendant. (See *In re Lifschutz, supra,* 2 Cal.3d 415, 438, fn. 26.)

I would issue a peremptory writ of mandate directing the trial court to permit discovery of the records sought in item 22, subject to the conditions set forth above.

Petitioner's application for a hearing by the Supreme Court was denied April 13, 1978. Bird, C. J., Tobriner, J., and Mosk, J., were of the opinion that the application should be granted.