Filed 6/3/21  Bowen v. Superior Court CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GREGG STANLEY BOWEN,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Real Parties in Interest. | G060226<br><br>(Super. Ct. No. 21HF0320)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Petition granted.

Martin Schwarz, Public Defender, Matthew Darling, Deputy Public Defender for petitioner.

No appearance for Respondent.

Todd Spitzer, District Attorney for real party in interest.

Lewis Robert Rosenblum, Law Office of Lewis R. Rosenblum for real party in interest Nicholas Leland.

THE COURT:[*]

Respondent court granted real party's motion to quash a subpoena duces tecum seeking real party's personal cell phone number and the name of the service provider for the cell phone. Petitioner contends respondent court abused its discretion when it granted the motion to quash. We agree, and therefore grant the petition.

PROCEDURAL FACTS

Petitioner, Gregg Stanley Bowen, is charged in an information with assault with a deadly weapon involving a pellet gun, domestic battery with corporal injury, and enhancements for great bodily injury, two strikes and two, five year prison priors. The underlying facts are unknown other than what is described in the petition, which states petitioner and his girlfriend, the alleged victim, contacted 9-1-1 and explained that a pellet gun discharged by accident.

According to petitioner, real party in interest Orange County Sheriff's Deputy Nicholas Leland was the first deputy to respond to the call and also the arresting officer in this case. Petitioner states that at the preliminary hearing Deputy Leland testified that he failed to log into the police vehicle surveillance system (PVS) during the initial investigation to record the events of petitioner's detention and arrest. Petitioner states the deputy also testified that he made and received "at least ten phone calls during the investigation, two of which he could recall were from other deputies involved in the investigation." According to petitioner, Deputy Leland admitted using his personal cell phone for official business, "[h]owever, when pressed for details of the names, the length of the calls and a description of the items discussed, Leland could not recall." Petitioner explains that much later during the investigation Deputy Leland eventually logged into the PVS, but muted the recording "[e]ach time [he] made or received a phone call . . .

---

[*] Before Moore, Acting P. J., Fybel, J., and Ikola, J.

2

[and he] was also seen on the recording receiving assistance from another reporting deputy as to how he should write his probable cause declaration."

Petitioner states that "as a result of Leland's failed memory at the preliminary hearing" he served Deputy Leland with a subpoena duces tecum (SDT) requesting his cell phone number and the name of his cell phone service provider. The SDT served on Deputy Leland in this case states, "Submit to Central Justice Center Department CS, the cell phone number and the name of the service provider for the cellphone that you used on 2/13/2021 and 2/14/2021 while conducting the investigation for the current case. Do not delete any call history, emails, and/or text messages from 2/13/2021 to the present date."

Instead of complying with the SDT, Deputy Leland filed a motion to quash alleging the subpoena was "invalid and defective in that it is over-broad and may involve privileged or confidential information." The motion to quash cited confidentiality, privilege, and privacy concerns, as well as safety and lack of specificity as grounds for granting the motion and states, "The SDT issued by defendant Bowen is woefully inadequate, over-broad, and essentially is a request for personal information and communications that may violate Deputy Leland's privacy rights and the rights of others without limit." The motion to quash concludes by stating, "the Subpoena Duces Tecum issued by the defense is not the proper vehicle to seek statements relating to this case and is in essence needlessly taking up court time that could be used for other court business."

Petitioner filed opposition to the motion to quash, including a declaration by counsel filed under seal. At the hearing on the motion conducted on April 19, 2021, the court said, "I'm satisfied that there is relevancy to the records being requested, however, I'm concerned that it is an overbroad request. Without getting into the sealed declaration, I absolutely understand why [defense counsel] believes these records are relevant and necessary regarding any law enforcement personnel or anybody potentially

3

related to the investigation. [¶] What I don't understand is why we need the full records of [the officer] to be turned over, so that's where I'm going to start."

At the end of the hearing respondent court concluded by saying, "I believe the request to get the phone number and the carrier is overbroad at this point, so I'm going to deny the request at this time." "But while I do find that that information is relevant, I don't believe that trumps everything else of this very, very broad request that I have, so . . . I'm going to grant the motion at this time to quash the subpoena."

Even though the information had already been filed, petitioner initially sought relief in superior court, which did not have jurisdiction to grant relief. (Code Civ. Proc., § 1085; *In re Alberto* (2002) 102 Cal.App.4th 421, 427-428.) Thereafter petitioner filed a petition in this court seeking to vacate respondent court's order granting the motion to quash, and requesting an order directed to respondent court to order Deputy Leland to provide petitioner's counsel with his cell phone number and the name of the service provider for the cell phone. Although petitioner requested expedited consideration of the petition because trial is scheduled to begin June 8, 2021, and he has not waived time, he did not request a peremptory writ *in the first instance*.

This court filed an order citing *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Ca1.3d 171, 180, and invited real parties to file opposition to the petition. Real party Leland elected not to file opposition and instead filed a letter stating the petition "appears to raise the identical issues litigated before the Hon. Teri Flynn-Peister in 21HF0320. To the extent this is true, real party has nothing to add beyond the responsive pleading filed in the trial court," which references the Federal Rules of Criminal Procedure, which has no application to either this court or the trial court, and cites no California cases.

4

DISCUSSION

"We review a ruling on a motion to quash, like other discovery orders, for abuse of discretion." (*Facebook, Inc. v. Superior Court* (*Touchstone*) (2020) 10 Cal.5th 329, 359. (*Facebook*).)

"A criminal defendant has a right to discovery by a subpoena duces tecum of third party records by showing 'the requested information will facilitate the ascertainment of the facts and a fair trial.' [Citation.]" (*People v. Superior Court* (*Barrett*) (2000) 80 Cal.App.4th 1305, 1316.) "[U]nlike civil subpoenas, there is no statutory requirement of a '"good cause"' affidavit before such a subpoena may be issued. [Citation.]" (Pen. Code, §1326, subd. (a); *Facebook*, *supra*, 10 Cal.5th 329, 343-344.) "Under Penal Code section 1326, subdivision (a), various officials or persons — including defense counsel . . . may issue a criminal subpoena duces tecum." (*Id* at p. 343.) Once the subpoena is issued, "the sought materials must be given to the superior court for its in camera review so that it may 'determine whether or not the [requesting party] is entitled to receive the documents.'" (Pen. Code, §1326 subd. (c); *Facebook,* at p. 344.) As subdivision (c) explains in relevant part, "When a defendant has issued a subpoena to a person or entity that is not a party for the production of books, papers, documents, or records, or copies thereof, the court may order an in camera hearing to determine whether or not the defense is entitled to receive the documents." (Pen. Code, §1326, subd. (c).)

In this case real party Leland elected not to comply with the SDT issued by petitioner and instead filed a motion to quash. "[I]n order to defend such a subpoena against a motion to quash, the subpoenaing party must at that point establish good cause to acquire the subpoenaed records. In other words, as we have observed, at the motion to quash stage the defendant must show 'some cause for discovery other than "a mere desire for the benefit of all information."' [Citation.]" (*Facebook, supra*, 10 Cal.5th 329, 344.)

5

At the hearing on the motion in this case, respondent court said on four occasions the information sought in the SDT is relevant. And although the motion to quash raised confidentiality, privilege, privacy, safety, and lack of specificity as grounds to quash the SDT, respondent court only cited overbroad as the basis for granting the motion and said, "while I do find that that information is relevant, I don't believe that trumps everything else of this very, very broad request . . . ."

According to *Facebook*, there are seven factors "that should be considered by a trial court in considering whether good cause has been shown to enforce a subpoena that has been challenged by a motion to quash."[1] (*Id*. at p. 345.) The second factor is whether the requested information is "adequately described and not overly broad." (*Id*. at p. 346.) Examples of overbroad discovery requests cited by *Facebook* include *Lemelle v. Superior Court* (1978) 77 Cal.App.3d 148, 165-166, where the court considered a request that imposed a burden on a party to locate and furnish "[t]en years' accumulation of police department records," *People v. Serrata* (1976) 62 Cal.App.3d 9, 15, where the court considered a "broad, blanket demand for documents . . . [that] called for the production of 'literally millions of pieces of paper' which were located at [ ] plants throughout the world," and *City of Alhambra v. Superior Court* (1988) 205 Cal.App.3d 1118, which suggests that overbroad requests "may be so inadequate as to make the discovery and location of such information an unreasonable burden on the governmental entity" such as seeking discovery of " 'all other similar crimes' or 'all crimes [e.g.,

---

[1] "(1) Has the defendant carried his burden of showing a '"plausible justification"' for acquiring documents from a third party," "(2) Is the sought material adequately described and not overly broad?" "(3) Is the material 'reasonably available to the . . . entity from which it is sought (and not readily available to the defendant from other sources)'?" "(4) Would production of the requested materials violate a third party's 'confidentiality or privacy rights' or intrude upon 'any protected governmental interest'? "(5) Is defendant's request timely?" "(6) Would the 'time required to produce the requested information . . . necessitate an unreasonable delay of defendant's trial'?" and "(7) Would 'production of the records containing the requested information . . . place an unreasonable burden on the [third party]'?" (*Facebook, supra*, 10 Cal.5th 329, 345-347.)

murders] committed during [a certain time frame] with a similar modus operandi.'" (*Id.* at p. 1134, fn. 16.)

The motion to quash in this case uses language similar to the language in *Alhambra* and on at least five occasions mischaracterizes the scope of the SDT suggesting that petitioner is seeking "all call history, e-mails and/or text messages on February 13 and February 14, 2021," "all the phone calls, e-mails and texts he and others sent during this 48 hour period," "The subpoena for all phone calls, e-mails and text messages," "blanket requests for 'any and all' information, or similarly worded requests, are properly viewed by courts as fishing expeditions and should be quashed," and "all personal phone records, e-mails and texts on Deputy Leland's personal phone account . . . during the period of February 13, 2021 through February 14, 2021." While petitioner may eventually seek this information in a subpoena issued to the cell phone service provider, it was beyond the scope of the information requested in the SDT before respondent court, and it also mischaracterized the scope of information sought by petitioner, which is limited to the deputy's personal cell phone usage "while conducting the investigation for the current case."

Contrary to real party's characterization of the scope of the subpoena, the only information that Deputy Leland was asked to provide in response to the SDT were his cell phone number and the name of the service provider for the cell phone, matters that are well within Deputy Leland's personal knowledge. Although respondent court described the SDT as a "very, very broad request," the SDT for Deputy Leland's "cell phone number and the name of the service provider for the cell phone" literally cannot be any more precise, exact, and finite in describing the requested information and as such, the order granting the motion to quash on the basis that the SDT is overbroad represents an abuse of the court's discretion.

Presumably the information that petitioner ultimately seeks is necessary for impeachment purposes, and we remind respondent court that "one legitimate goal of

discovery is to obtain information 'for possible use to impeach or cross-examine an adverse witness . . . .' and '[a]bsent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the state has no interest in denying the accused access to all evidence that can throw light on issues in the case, and in particular it has no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits.'  [Citation.]"  (*People v. Memro* (1985) 38 Cal.3d 658, 677.)

Although real party Leland warns that "Such a ruling [denying the motion to quash] could then be used as a precedent in all Orange County criminal cases requiring law enforcement officers to provide their personal cell phone records to criminal defendants and their attorneys on virtually any day they investigated a crime or arrested someone," we disagree.  Unlike this case, it's doubtful that a defendant would be able to establish good cause for access to an officer's personal cell phone records under *Facebook* based solely on the presence of the phone.

## DISPOSITION

For the foregoing reasons the petition is granted.  Respondent court is ordered to vacate the order granting real party Leland's motion to quash on April 19, 2021, and enter an order denying the motion.  Respondent court is further ordered to order real party Leland to comply with the subpoena duces tecum issued by petitioner and release to petitioner's counsel of record, only his cell phone number and the name of the service provider of the cell phone used while conducting the investigation of this case.

In the interest of justice, the opinion in this matter is deemed final in this court and the clerk of this court is directed to issue the remittitur forthwith.

8