Filed 2/27/24  Skytte v. Skytte CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BIRTHE B. SKYTTE et al., <br><br> Plaintiffs, Cross-defendants and Respondents, <br><br> v. <br><br> CHRISTIAN SKYTTE et al., Individually and as Trustees, etc., <br><br> Defendants, Cross-complainants and Appellants. | G061364 <br><br> (Super. Ct. No. 30-2017-00902820) <br><br> O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Walter P. Schwarm, Judge.  Affirmed.

Law Offices of Thomas M. McIntosh and Thomas M. McIntosh for Defendants, Cross-complainants and Appellants.

Law Office of David E. Libman, David E. Libman; Jeff Lewis Law, Jeffrey Lewis, Sean C. Rotstan and Kyla Dayton for Plaintiffs, Cross-defendants and Respondents.

Christian Skytte and his wife Catherine J. Skytte (appellants) challenge the trial court's denial of their motion to set aside the voluntary dismissal and settlement of this action. Among other things, they claim the court abused its discretion by denying their request to continue the hearing on the motion. Because they fail to address the court's reasons for denying their motion and because they provide an inadequate record as to their claimed continuance request, they cannot establish error in the court's rulings. We therefore affirm.

FACTS

In 2017, Birthe B. Skytte, trustee of the Skytte Family Trust and Christian's mother, sued appellants in connection with a property on State Avenue in Costa Mesa.[1] Appellants countersued, adding other family members as cross-defendants. In 2018, the parties settled and dismissed their competing claims. Under the settlement agreement, Birthe was to lend appellants $230,000, secured by a deed of trust on the State Avenue property. If Birthe died before the loan was paid off, the balance was to be satisfied with amounts appellants would be entitled to receive as beneficiaries of the trust. The parties dismissed their respective claims.

In 2021, appellants moved to vacate the dismissal of the action under Code of Civil Procedure section 473 and the superior court's equitable powers, claiming the dismissal and settlement were the result of their mistake and extrinsic fraud by Birthe, among other grounds. They claimed that Birthe "had committed fraud and/or concealed pertinent and relevant facts and circumstances regarding the management, disposition, hypothecation and liquidation of [trust] assets," and in particular, that she may have "improperly invaded" two trust properties on American Avenue in Costa Mesa.

---

[1] We refer to the parties by their first names because they share a last name.

In March 2022, following a hearing, the trial court denied appellants' motion.[2] The court concluded that to the extent appellants sought relief under Code of Civil Procedure section 473, their motion was untimely. It further concluded that to the extent they sought relief under the court's equitable powers based on mistake or extrinsic fraud, they established no grounds for relief. The court noted appellants' motion "d[id] not identify the specific misrepresentation(s) by [Birthe] that unfairly prevented [them] from fully adjudicating this case." Additionally, it concluded any misrepresentation about the American Avenue properties could not have induced appellants to settle because those properties were not the subject of this action. This appeal followed.

DISCUSSION

Appellants challenge the trial court's denial of their motion to vacate the dismissal of their claims. Their challenge must fail, however, as they present no meaningful argument in support. Appellants do not dispute the court's conclusion that their motion was untimely to the extent they sought relief under Code of Civil Procedure section 473. (*Id.*, subd. (b) [application for relief untimely if made more than six months after judgment].) As for equitable relief for extrinsic fraud, appellants fail to address the court's reasons for denying it. They do not address the court's conclusion that their motion "d[id] not identify the specific misrepresentation(s) by [Birthe] that unfairly prevented [them] from fully adjudicating this case." Nor do they address the court's conclusion that any misrepresentation about the American Avenue properties could not have induced them to settle because those properties were not the subject of this action. Without addressing the court's grounds for denying them relief, appellants cannot establish error in the court's ruling. (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th

---

[2] The hearing was not reported, and the record contains no agreed or settled statement describing it.

3

1219, 1237 [appellant's failure to address all grounds for trial court's ruling forfeits appellate claim].)

Appellants assign error to the trial court's denial of their motion to continue the hearing on their set aside motion. However, the clerk's transcript of the proceedings includes no reference to such a motion, let alone appellants' arguments and evidence in support or the court's reasons for denying it.[3] On this record, appellants cannot establish error in the denial of any motion to continue. (*Lemelle v. Superior Court* (1978) 77 Cal.App.3d 148, 156-157 [without knowing what grounds were advanced, what arguments were made, and what facts may have been admitted, mutually assumed or judicially noticed, "no abuse of discretion can be found except on the basis of speculation"].)

### DISPOSITION

The trial court's postjudgment order is affirmed. Respondents shall recover their costs on appeal.

O'LEARY, P. J.

WE CONCUR:

GOETHALS, J.

SANCHEZ, J.

---

[3] As noted, the hearing was not reported, and the record does not include an agreed or settled statement.